Carol **THURMAN**, et al.,
Plaintiffs-Appellants,

v.

Melba **ANDERSON**,
Defendant-Respondent.

No. 66619.

Supreme Court of Missouri,
En Banc.

June 25, 1985.

Rehearing Denied Aug. 7, 1985.

Daniel C. Aubuchon, St. Louis, for plaintiffs-appellants.

Ben Ely, Jr., Joseph H. Raybuck, St. Louis, for defendant-respondent.

BLACKMAR, Judge.

On September 7, 1978 an accident occurred at the intersection of Lindberg Boulevard and Trotter Way, in north St. Louis County. Lindbergh, also known as Highway 67, is a four lane highway with a left turn lane. It runs east and west at this point. Trotter Way runs into Lindbergh from the south, with a continuation into a parking lot on the north side of Lindbergh. The intersection is controlled by a stop light. The streets are relatively level and the day was clear.

Plaintiff-Appellant Carol Thurman testified that she was leaving the parking lot intending to turn left onto Lindbergh. She signaled a left turn on her indicator and waited at the curb line for the light to turn green. She then waited until a car northbound on Trotter Lane completed a left turn into the westbound lane of Lindbergh. She then proceeded at a speed of 3 to 5 miles per hour onto Lindbergh when she was struck in the center westbound lane by a car driven by the defendant and heading west on Lindbergh. The left front portion of her car was severely damaged. She testified that she looked and saw one or more cars stopped in the westbound lane of Lindbergh nearest the curb, cars stopped in the eastbound lane of Lindbergh, and the car headed north on Trotter Lane, but saw no car approaching in the center westbound lane.

Defendant-Respondent Melba Anderson testified that she was going west on Lindbergh at a speed of 35 miles per hour. The light was green. She did not brake, but did take her foot off the accelerator as she approached the intersection. She did not see the plaintiff's car before the collision.

The case was submitted to the jury on an instruction (MAI 17.01) reading as follows:

Your verdict must be for plaintiff if you believe:

First, defendant violated the traffic signal, and

Second, defendant was thereby negligent, and

Third, as a direct result of such negligence plaintiff sustained damage.

* [unless you believe plaintiff is not entitled to recovery by reason of Instruction Number 9 ...) ].

The court also gave, at defendant's request, a contributory negligence instruction, reading as follows:

INSTRUCTION NO. 9

Your verdict must be for defendant on plaintiff Carol Thurman's claim for damages if you believe:

First, plaintiff Carol Thurman failed to keep a careful lookout, and

Second, plaintiff Carol Thurman was thereby negligent, and

Third, such negligence of plaintiff Carol Thurman directly caused or directly contributed to cause any damage Carol Thurman may have sustained.

The jury returned a verdict for the defendant on the claims of Thurman and her husband. The Court of Appeals, Eastern District, affirmed summarily. We granted transfer to explore possible conflict with *Zalle v. Underwood,* 372 S.W.2d 98 (Mo. 1963). We agree that there is a conflict and, considering that *Zalle* properly states the law, reverse and remand for a new trial.

In *Zalle,* it was held that, to support a contributory negligence instruction on failure to keep a careful lookout, the evidence must support a finding that a driver had the means and ability to have avoided a collision. Means and ability include sufficient time and distance considering the movement and speed of the vehicles. There was no evidence to show that either party saw the other. There was no expert evidence on how far a car will travel at various speeds before stopping. Nor was there evidence to show the distance between the vehicles at the material times. The evidentiary similarities between *Zalle* and the instant case are striking.

Here the plaintiff testified that the light was green in her favor. Her testimony is supported by the only independent eyewitness, who was stopped in the eastbound lane of Lindbergh. If this testimony is true, the plaintiff's duty to keep a lookout is substantially affected.[1] She has to take account of cars coming from three different directions, giving greatest concern to cars proceeding north on Trotter Way which might turn left in front of her or proceed across her intended course. She is not expected to look in three directions at once.[2] She was justified in assuming that cars going in the opposite direction would obey the signal, at least until a driver gave positive indication to the contrary.[3] There is no evidence to show that defendant gave any indication that she would not obey the signal, at a time when the plaintiff could have done anything to avoid the accident.

Plaintiff testified without contradiction that she was traveling no faster than 3 to 5 miles per hour. At this speed she would travel 7.7 feet per second. Giving attention to reaction time, she very likely could not stop, after entering the intersection, until she reached the center lane. The question of the defendant's position, then, is all important. In order to show contributory negligence in failure to keep a careful lookout, defendant must establish her position in the road, and must then demonstrate that plaintiff, exercising the highest degree of care, could have avoided the accident.

The dissent, in suggesting that the plaintiff "could have averted the collision by appropriate evasive action, including by remaining stopped and not entering the intersection at all," fails to perceive that, if the light were green in the plaintiff's favor, she had every right to enter the intersection even though she might have seen the defendant approaching. The only exception would arise if it should have been apparent to the plaintiff that the defendant would not respect the traffic signal. There is absolutely no evidence in the record which would support this proposition. Of the cases cited in the dissent, only *Stanfill v. City of Richmond Heights,* 605 S.W.2d 501 (Mo.App.1980) involved an intersection protected by traffic signals, and the collision was with an emergency vehicle which was sounding a siren and displaying a flashing red light. The dissent fails to demonstrate why *Zalle v. Underwood, supra,* is not applicable.

The jury of course could disbelieve the plaintiff and her witness, and could believe that the light was green in favor of the defendant and against the plaintiff. The defendant, however, did not submit failure to obey the traffic signal as a ground of contributory negligence. Under the facts and the authority of *Zalle,* the contributory negligence submission used was inappropriate. *See also Bolhofner v. Jones,* 482 S.W.2d 80 (Mo.App.1972). The error is not in the form of the instruction but rather in the absence of supporting evidence. There was no factual showing sufficient to support a finding that the plaintiff could have avoided the collision had she kept a more careful lookout.

Retrial will be governed by the rules of *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983). We express no opinion as to what submission would be appropriate under that doctrine.

The judgments are reversed and the case is remanded for new trial.

---

1. A motorist favored with a green traffic signal has the right to assume that non-emergency vehicles approaching on an intersecting street will obey a red light, even though the motorist's duty to maintain a proper lookout remains. *Garber v. Scott,* 525 S.W.2d 114 (Mo.App.1975). *Cf., Wolfe v. Harms,* 413 S.W.2d 204 (Mo.1967).

2. A motorist is not required to keep an uninterrupted watch in two directions and to look constantly to one side or to keep turning her head from side to side. *Combellick v. Rooks,* 401 S.W.2d 460 (Mo. banc 1966).

3. A driver is entitled to assume that an automobile on an intersecting road posted with a stop sign will stop before crossing the intersection, in the absence of circumstances putting a reasonable person in the exercise of the highest degree of care on notice that the assumption was unwarranted. *Wolfe v. Harms, supra.*

RENDLEN, C.J., HIGGINS and BILLINGS, JJ., and MORGAN, Senior Judge, concur.

DONNELLY and WELLIVER, JJ., dissent in separate opinions filed.

GUNN, J., not sitting.

DONNELLY, Judge, dissenting.

In my view, there was sufficient evidence to submit to the jury the issue of plaintiff Carol Thurman's contributory negligence for failing to maintain a proper lookout.

In considering whether or not a submissible case was made, we view all the evidence in the light most favorable to the offering party, defendant in this case, giving that party the benefit of all favorable inferences reasonably drawn therefrom and disregarding evidence to the contrary. *Berry v. Harmon,* 329 S.W.2d 784, 789 (Mo.1959); *Stanfill v. City of Richmond Heights,* 605 S.W.2d 501, 502 (Mo.App. 1980). Generally speaking, the issue of negligence for failure to keep a proper lookout is submissible if there is evidence that the party charged with negligence could have seen the other car (or object) sooner and in time to have acted to avoid the occurrence. *Welch v. Sheley,* 443 S.W.2d 110, 118 (Mo.1969). The opportunity to take effective precautionary action may be established by calculations and reasonable inferences from the facts in evidence. *McColgin v. Morgan,* 592 S.W.2d 263, 267 (Mo.App.1979).

The collision in this case occurred when plaintiff attempted to make a left turn onto the eastbound lanes of Lindberg from a parking lot. Plaintiff testified that, but for cars stopped in the westbound curb lane of Lindbergh, she could have seen for a distance of three-quarters of a mile to the east when she looked to her left. Defendant, on the other hand, testified that no cars or other obstructions were in the curb lane of westbound Lindbergh, so that her view was unobstructed, although she did not see plaintiff. Viewing the evidence most favorable to the submission of the instruction, one may infer that plaintiff could have seen defendant's automobile to her left because her view would have been as unobstructed as defendant's.

Moreover, there were facts in evidence from which the jury could reasonably infer that plaintiff could have avoided the accident. Plaintiff's testimony was that she was travelling only 3 to 5 mph when the collision occurred and that she could have stopped within ten feet. Defendant testified that she was travelling in the middle westbound lane of Lindbergh, and had slowed her speed from 35 mph to 30 mph as she approached the intersection where the traffic light was green in her favor. From defendant's testimony, it could reasonably be inferred that she could have been observed by plaintiff three-quarters of a mile from the intersection. Accordingly, the jury could legitimately find that had plaintiff maintained a careful lookout, she could have averted the collision by appropriate evasive action, including by remaining stopped and not entering the intersection at all.

I respectfully dissent.

WELLIVER, Judge, dissenting.

I respectfully dissent. We should not have ordered transfer. We should affirm the trial court.

The court of appeals wrote:

Plaintiffs, Carol and Ivan Thurman, appeal from a judgment entered upon a verdict for defendant Melba Anderson, arising out of the collision of automobiles driven by Carol Thurman and defendant. The evidence in support of the verdict being sufficient and no error of law appearing, the judgment of the trial court is affirmed in accordance with Rule 84.-16(b). An opinion would be of no precedential value.

At best, we are but second guessing both the trial court and the first reviewing appellate court as to the evidence heard below.

The court of appeals ruled correctly. The trial court should be affirmed.