**Eileen MORELAND, Plaintiff-Appellant,**

**v.**

**Marguerite CRAIN, Personal Representative of the Estate of Hartwell Crain, Defendant-Respondent.**

**No. 50494.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 23, 1986.

Donald L. Schlapprizzi, St. Louis, for plaintiff-appellant.

William W. Evans, St. Louis, for defendant-respondent.

SATZ, Judge.

This is a personal injury action. While driving her car, plaintiff, Eileen Moreland, collided with another car driven by Hartwell Crain. Crain later died of unrelated causes. Plaintiff sued the representative of Crain's estate, alleging Crain failed to keep a careful lookout and failed to yield the right of way. At the close of plaintiff's case, defendant moved for a directed ver-

dict on the grounds plaintiff failed to make a submissible case. The trial court granted the motion and entered judgment for defendant. Plaintiff appeals. We affirm.

On appeal, plaintiff argues she made a submissible case on both of her pleaded theories. We disagree.

In determining whether plaintiff made a submissible case, we view all the evidence and inferences in the light most favorable to plaintiff and disregard any contrary evidence and contrary inferences. *See,* e.g. *Hawkins v. Whittenberg,* 587 S.W.2d 358, 359 (Mo.App., 1979).

No schematic diagram of the scene of the collision was offered into evidence. From what can be gleaned from the record, the scene appears to be as follows:

Plaintiff's evidence consisted of her testimony and the testimony of the police officer who investigated the accident. Plaintiff testified she approached Watson Road (Highway 366) from the north, driving south on New Sappington Road. At the intersection of New Sappington Road and Watson, she turned left into the outside or curb lane of eastbound Watson. Plaintiff's counsel then began to ask her about the details of the accident. Defense counsel objected, arguing this testimony was barred by the dead man's statute. § 491.010 R.S.MO. (Supp.1984.) The objection was sustained.

The police officer testified the parties told him the accident occurred at the intersection of Old Sappington Road and Watson Road. He said this intersection had an electric traffic signal with a left turn arrow for "east and westbound [Watson Road]" and there also was a yield sign for drivers turning right and east onto Watson Road from northbound Old Sappington Road. The roads were straight and level near this intersection and dry at the time of the collision. He concluded from his observations neither driver's vision was obscured. He said plaintiff's car was damaged in the right rear and Crain's car was damaged in the left front.

He also testified about statements Crain had made to him. Crain first told him he was making a right-hand turn. Crain then said he was going east on Watson. At another time, Crain said he was going home, which was on Old Sappington Road. Crain also told the officer he did not know where plaintiff's car was at the time of the accident, he did not remember where the vehicles were just prior to the accident and he did not know what happened. In summation, the officer said he, himself, could not determine the cause of the collision.

This is the evidence viewed most favorably to plaintiff. It and the inferences favorable to plaintiff do not make a submissible case on "lookout". To make a submissible case on "lookout", plaintiff had to show defendant knew or could have known of the likelihood of a collision in

time thereafter to take effective precautionary action. E.g., *Heberer v. Duncan*, 449 S.W.2d 561, 563 (Mo. banc 1970); *Zalle v. Underwood*, 372 S.W.2d 98, 102 (Mo. 1963).

Here, there was no evidence of the distances between the cars at material times, the speeds the cars were going and the direction both parties were traveling; nor was there any evidence of where the accident actually occurred, other than at the intersection. *See* e.g., *Thurman v. Anderson*, 693 S.W.2d 806, 807 (Mo. banc 1985). There is nothing in the evidence from which a jury could find where the two vehicles were located in relation to each other at any particular point in time before the impact occurred. *Zalle v. Underwood*, 372 S.W.2d 98, 102 (Mo.1963). There is also no evidence showing when each driver could and should have seen the other, no evidence of the condition of the equipment on Crain's car which he possibly could have used to avoid colliding with plaintiff's car and certainly no evidence showing whether plaintiff ran into Crain or he ran into her. *Hawkins v. Whittenberg, supra*, 587 S.W.2d at 362. Quite simply, the mere happening of the accident and the location of the damage to the cars, as shown here, do not establish negligence on the part of Crain. *See, e.g., Hawkins v. Whittenberg, supra,; Zalle v. Underwood*, supra.

The evidence was also insufficient to support the submission of plaintiff's other theory of negligence: failure to yield the right of way. "Right of way" means the right of one vehicle to proceed ahead of another. *Moore v. Parks*, 458 S.W.2d 344, 349 (Mo.1970). More specifically, "[w]hen a vehicle is about to enter a through highway from an intersecting road and another vehicle on the through highway is so close as to constitute an immediate hazard, the vehicle on the through highway has the right of way." *Id. See also Herr v. Ruprecht*, 331 S.W.2d 642, 648 (Mo.1960). Once again, however, there was no evidence showing the location of plaintiff's car at the time Crain might have entered the intersection and when Crain did see or

should have seen plaintiff's car. There simply was no evidence of plaintiff's speed or distance from Crain for a fact finder to determine whether plaintiff's car constituted an immediate hazard or whether Crain should have yielded. Negligence cannot rest upon guesswork, speculation or conjecture. *Herr v. Ruprecht, supra,* 331 S.W.2d at 647.

 Plaintiff contends the trial court improperly sustained defendant's objection to her testimony based upon the dead man's statute, and, therefore, plaintiff argues, she was improperly precluded from supplying the evidentiary deficiencies. We disagree.

This case was tried prior to September 28, 1985, the effective date of the statute which "abrogates" our former dead man's statute.[1] Under the former statute, if one of the original parties to a transaction died, the statute made the surviving party incompetent to testify about certain facts related to the transaction. § 491.010 R.S.MO. (Supp.1984). This incompetency, however, was limited to facts which the deceased party, if living, could have questioned or refuted by his testimony. *See, Fellows v. Farmer,* 379 S.W.2d 842, 849–50 (Mo.App.1964). Plaintiff contends Crain "admitted" to the investigating police officer that he did not remember where the cars were just prior to the accident and did not know where plaintiff's car was at the time of the impact. Therefore, plaintiff argues, the former dead man's statute does not apply because Crain could not have refuted her testimony if he were alive at the time of trial.

Plaintiff made no offer of proof, detailing to the trial court what her testimony would have been if she were permitted to testify further. Moreover, at trial, she did not argue, as she does here, that the dead man's statute is inapplicable because of Crain's "admissions". Thus, plaintiff has not preserved this issue for appeal. *See,*

e.g. *Howe vs. St. Louis Union Trust Company,* 392 S.W.2d 625, 629 (Mo.1965).

Judgment affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.

---

1. The present statute reads:

3. The provisions of this section shall apply to all trials commenced after September 28, 1985.