Kyle **GENTRY, a minor, by his Father and Next Friend Billy GENTRY, et al., Respondents,**

v.

**Kerry D. DOUGLAS, Personal Representative of the Estate of Jon R. Leach, Appellant.**

No. 69212.

Supreme Court of Missouri, En Banc.

Feb. 17, 1988.

Glenn A. Burkart, Springfield, for appellant.

Bart L. Strother, Kansas City, for respondents.

DONNELLY, Judge.

Respondents brought suit against appellant Kerry D. Douglas, personal representative of the estate of Dr. Jon R. Leach, alleging Dr. Leach's malpractice left Kyle Gentry profoundly mentally retarded with a seizure disorder and physically disabled with cerebral palsy. Jury trial was held in the Circuit Court of Polk County. The jury returned verdicts in favor of defendant. Plaintiffs moved for a new trial. The trial court sustained the motion upon the ground that the verdicts were against the weight of the evidence and defendant appealed. He challenges the constitutionality of Section 510.330, RSMo 1986 and Rule 78.02. This Court has jurisdiction. Mo. Const. art. V, § 3.

## I.

Article I, section 22(a) of the Missouri Constitution reads, in part, "[t]hat the right of trial by jury as heretofore enjoyed shall remain inviolate...." The present constitution was adopted on February 27, 1945, and became effective March 30, 1945. The source of the jury provision was article II, section 28 of the Missouri Constitution of 1875, as amended in 1900, which contained identical language.

Section 510.330, RSMo 1986, provides, in part, "[a] new trial may be granted for any of the reasons for which new trials have heretofore been granted.... Only one new trial shall be allowed on the ground that the verdict is against the weight of the evidence." The statute has remained unchanged since its enactment in 1943. At the time of enactment, a trial court's discretion to grant a new trial on weight of the evidence grounds was generally accepted at common law. Indeed, this Court upheld the common law principle in numerous cases prior to enactment of the statute. See, e.g., Castorina v. Herrmann, 340 Mo. 1026, 104 S.W.2d 297 (1937); Lindsey v. Vance, 337 Mo. 1111, 88 S.W.2d 150 (1936); Hunt v. Gus Gillerman Iron & Metal Co., 327 Mo. 887, 39 S.W.2d 369 (1931).

In Missouri, an appellate court will affirm a trial court's grant of a motion for new trial on weight of evidence grounds unless there is a manifest abuse of discretion by the trial court. Clark v. Ford, 498 S.W.2d 803 (Mo.1973); Burnett v. St. Louis Public Service Co., 337 S.W.2d 921 (Mo.1960). The appellate court will limit its review to a determination of whether there is substantial evidence sufficient to support a verdict in the moving party's favor. Madsen v. Lawrence, 366 S.W.2d 413 (Mo. 1963). This Court examined the history and rationale of this standard in Clark v. Quality Dairy Co., 400 S.W.2d 78 (Mo. 1966), and concluded

> [t]he policy is founded upon the fundamental inappropriateness of appellate courts' endeavoring to weigh evidence. We have only the cold transcript before us which reveals very few of the numerous factors to be considered in weighing evidence.... [W]eighing evidence is not simply a matter of quantitative analysis, but is primarily a qualitative analysis. While we might well determine which litigant produced the larger quantity of evidence, our position is far inferior to that of the trial court in analyzing the quality of the evidence. Consequently we must rely upon the trial court's proper exercise of the discretion entrusted to it in such matters.

Id. at 82. The Court traced the standard back into the early history of the State, citing such early precedent as Garneau v. Herthel, 15 Mo. 137 (1851), and Reid v. Piedmont & Arlington Life Ins. Co., 58 Mo. 421 (1874).

Appellant recognizes that a trial court's discretion to grant a new trial on weight of evidence grounds is firmly entrenched in Missouri law and that the standard of appellate review is "long-standing" and "time-honored." Nonetheless, appellant contends that the statute and standard of review combine to deny him his right to

jury trial under Mo. Const. art. I, § 22(a) because they encourage trial judges to substitute their feelings concerning credibility of witnesses for the findings of the jury and thereby violate the traditional role of juries as fact finders. This argument is predicated on the fact that most of the evidence concerning negligence in this case came from expert testimony. Appellant argues the trial judge is no more qualified to determine the credibility of expert witnesses in medical malpractice cases than lay members of the jury. In our view, this argument is more properly directed to the issue of abuse of discretion than to constitutionality of the statute.

█ Section 510.330, RSMo 1986, is designed to allow the trial court to insure that litigants receive a fair jury trial. The trial court is in the best position to weigh the quality and the quantity of the evidence and to determine whether justice has been done. If the trial court finds a verdict is against the weight of the evidence, it must have the discretion to order a new trial to protect the right to a jury trial. It is then prohibited by Section 510.330 from granting another trial on weight of evidence grounds. This limitation insures judicious use of discretion. In our view, Section 510.330 is constitutionally valid.

## II.

Appellant next contends that the trial court abused its discretion in granting a new trial in this case. As stated above, our review is limited to a determination of whether respondents made a submissible case.

█ Respondents introduced the testimony of two expert witnesses, both of whom offered the opinion that Kyle Gentry's injuries were caused by decedent's negligence. Respondents' first expert, Dr. John Hesser, was Director of Perinatology at the University of Missouri at Columbia for a period of two years. The second expert, Dr. David Abramson, is a certified specialist in newborn and perinatal medicine and is a founder and former chairman of the Division of Newborn and Perinatal Medicine at Georgetown University. It has been held that the opinion of one expert witness alone constitutes substantial evidence sufficient to support the granting of a new trial. *State ex rel. State Highway Comm'n. v. Flynn*, 263 S.W.2d 854, 856 (Mo.App.1954). *See City of St. Louis v. Buselaki*, 336 Mo. 693, 80 S.W.2d 853 (banc 1935); *Land Clearance for Redev. Auth. v. Joplin Union Depot Co.*, 429 S.W.2d 806 (Mo.App. 1968). We conclude that the trial court did not abuse its discretion in granting a new trial.

## III.

Appellant next raises a question concerning the constitutionality of our Rule 78.02.

Article V, section 5 of the Missouri Constitution provides, in part, that "[t]he supreme court may establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law. The rules shall not change substantive rights, or the law relating to evidence, the oral examination of witnesses, juries, *the right of the trial by jury*, or the right of appeal" (emphasis added).

█ Rule 78.02 states that "[o]nly one new trial shall be allowed on the ground that the verdict is against the weight of the evidence." Appellant argues this rule changes the right to trial by jury in violation of Mo. Const. art. V, § 5. We do not agree. An identical "one new trial" limitation is also contained in section 510.330, RSMo 1986, originally enacted in 1943, Laws of Mo. 1943, p. 353 § 115, two years prior to the adoption of art. V, § 5. In fact, the "one new trial" limitation dates back to 1889. *See* Section 2241, RSMo 1889. Rule 78.02 does not change the law relating to jury trials. It merely restates existing law.

The judgment is affirmed.

BILLINGS, C.J., BLACKMAR, ROBERTSON, RENDLEN and HIGGINS, JJ., and MORGAN, Senior Judge, concur.

WELLIVER, J., not sitting.