Terry **GREGG, Plaintiff-Respondent,**

v.

**Stanley E. ERB and John Jabouri, d/b/a Starling Plaza, Defendants–Appellants.**

**No. 60139.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1992.

David M. Duree, St. Louis, for defendants-appellants.

John A. Schneider, Hillsboro, for plaintiff-respondent.

STEPHAN, Judge.

Stanley E. Erb and John Jabouri d/b/a Starling Plaza ("landlords") appeal from the judgment of the trial court granting Terry Gregg's motion for a new trial after a jury had returned a verdict in favor of landlords and against Gregg in his personal injury action for injuries he sustained in a fall on landlords' premises in Arnold, Missouri. The trial court granted the new trial motion on the grounds that the verdict was against the weight of the evidence. We affirm.

Appellants maintain in their first point that the trial court erred in ordering a new trial on the ground that the verdict was against the weight of the evidence. We disagree. The trial court may grant one new trial on the ground that the verdict is against the weight of the evidence. Rule 78.02; *Taylor v. F.W. Woolworth Co.*, 641 S.W.2d 108, 111 (Mo. banc 1982). In Missouri, an appellate court will affirm a trial court's grant of a motion for new trial on weight of the evidence grounds unless there is a manifest abuse of discretion by the trial court. *Gentry v. Douglas*, 744 S.W.2d 788, 789 (Mo. banc 1988). Such manifest abuse of discretion occurs when the benefitting party fails to make a submissible case. *Id.* at 790; *Landis v. Sumner Mfg. Co.*, 750 S.W.2d 466, 470 (Mo.App. 1988); *Gilomen v. Southwest Missouri Truck Center*, 737 S.W.2d 499, 501 (Mo. App.1987).

To determine if a submissible case was made by plaintiff Gregg, this court must view the evidence and inferences therefrom in a light most favorable to the plaintiff, taking his evidence as true if not entirely unreasonable or contrary to physical facts, giving him the benefit of all reasonable inferences arising from the evidence, rejecting all unfavorable inferences, and disregarding defendant's evidence except as it aids the plaintiff's case. *Landis*, 750 S.W.2d at 468.

The evidence adduced at trial established that appellants owned Starling Plaza Shopping Center in Arnold, Missouri. One of their tenants was Dorthia Vaughn, respondent's girlfriend who owned the Span Disco, a business located on the lower level of the shopping center. During her tenancy she had expressed concern both to landlords and the prior owners about the safety of outdoor stairs leading from the shopping center's upper parking lot to the lower lot. She had noted her complaints when making her monthly rent payments. She denied that she had ever cautioned Gregg about the stairs' condition.

On the morning of August 2, 1985, on his way to work, Gregg intended to deliver money to the Span Disco as a favor to his girlfriend. He pulled into the top parking lot of the shopping center. Although he frequented the Span Disco on numerous evenings and had always used the lower level parking lot entry, on this occasion, he

pulled into the top parking lot because it provided easier access during morning rush-hour traffic. As he was descending the outdoor stairs leading from the upper level parking lot to the lower level lot of the shopping center, he fell down the railroad tie steps. The first stair, unstable and loose, had rocked forward when he stepped on it. A woman at a nearby intersection who saw him fall drove to the lower parking lot. She discovered Gregg at the base of the stairs and took him to St. Anthony's Hospital where he was x-rayed and released. He had difficulty and pain performing his work as a hot roofer and severe limitation to his personal activities subsequent to the fall. Months later he consulted another doctor who diagnosed spondylosis of his back and Gregg eventually underwent corrective surgery. As a result of his injuries from the fall, he lost time from work. An attorney in the law firm representing Gregg reviewed Gregg's payroll records from Gregg's employer and calculated that, in his opinion, Gregg's lost wages totalled $42,391.12.

■ For Gregg to make a submissible case of negligence, he must establish the existence of a duty on the part of defendants to protect him from injury, defendants' failure to perform that duty and that his injuries were proximately caused by such failure. *Krause v. U.S. Truck Co.*, 787 S.W.2d 708, 710 (Mo. banc 1990). Missouri applies the "common use rule" when determining a landlord's liability for injuries occurring in common areas. *Alexander v. American Lodging, Inc.*, 786 S.W.2d 599, 601 (Mo.App.1990). This rule imposes a duty upon the landlord to exercise ordinary care to keep common use areas such as parking lots, sidewalks and steps in a reasonably safe condition for the use intended, and the landlord is liable for personal injuries to tenants occurring as a result of his failure to perform that duty. *Id. See also Jackson v. Ray Kruse Constr. Co.*, 708 S.W.2d 664, 667 (Mo. banc 1986). The duty owed to the tenant is also owed to an invitee of the tenant. *Darlington v. Railway Exchange Building*, 353 Mo. 569, 183 S.W.2d 101, 105 (1944).

■ Gregg's verdict director, instruction No. 6 patterned from MAI 22.05 [1981 Rev.] 4th ed. 1991, submitted the duty of landlords as follows:

Your verdict must [be] for Plaintiff Terry Gregg, if you believe:

First, the first step down from the top was unstable and loose so that when weight was placed upon it, it would rock forward, and as a result the stairway was not reasonably safe, and

Second, Defendants Stanley Erb and John Jabouri doing business as Starling Plaza Partnership knew, or by using ordinary care could have known, of this condition, and

Third, Defendants failed to use ordinary care to make the stairway reasonably safe, and

Fourth, as a direct result of such failure, Plaintiff Terry Gregg was injured.

Like the plaintiff in *Nenninger v. Oran Life Tabernacle Church*, 789 S.W.2d 530, 532 (Mo.App.1990), a negligence case involving a landlord's failure to maintain steps on the premises leased to the tenant in a reasonably safe condition, Gregg did not contend that the alleged dangerous condition of the steps was unknown to him and not discoverable by him in the exercise of ordinary care. Rather, Gregg, sought to recover under the "common use" rule which *Nenninger* articulated as the rule that a landlord is under a duty to exercise ordinary care to keep the portions of the premises which he retains in his control in a reasonably safe condition for the use intended and is liable for damages for personal injuries resulting from his failure to perform that duty. *Nenninger*, 789 S.W.2d at 532. Landlords' focus on evidence that Gregg may have known of the condition does not defeat the submissibility of plaintiff's case. Nothing in MAI 22.05 requires that Gregg show a lack of any knowledge of a dangerous condition to recover.

The Committee Comment under MAI 22.05 quotes with approval the rule from Restatement (Second) of Torts Section 360 (1965) as follows:

A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe.

The Restatement discussion (comment b) continues:

The rule stated in this Section may also apply even though the person injured, whether he be the lessee himself or a third person, has knowledge of the existence of the dangerous condition. His knowledge may put him in contributory fault ..., and in that event he will be disabled from maintaining an action for any harm suffered while using the dangerous premises. *But unless the danger is so apparent and so great that it is unreasonable for him to encounter it in view of the purpose of his use, or unless knowing the danger he fails to exercise that caution which a reasonable man would exercise under the same circumstances, the lessor remains liable to him notwithstanding his knowledge of the existence of the condition.* (Emphasis ours.)

We are not persuaded that Gregg's acknowledgment that his girlfriend, the owner of the Span Disco located on landlords' premises, had told him that she thought the steps were dangerous and had complained to landlords about the stairs' condition absolves landlords from any wrongdoing. Here the danger was not so apparent nor so great that it was unreasonable for Gregg to encounter it. Gregg had testified earlier that the specific condition of the single top stair which rolled away when he stepped on it was not apparent:

Q. [Gregg's attorney] Now, Terry, I'm going to show you what has been marked as plaintiff's Exhibit Number 5.... Can you identify that picture?

A. [Terry Gregg] Yes, I can.

Q. What is it?

A. That is where the step that rolled out from under me.

Q. Which step is that?

A. That is the top step of the plaza.

Q. All right. And when you say rolled out from under you, where did that step go?

A. It's just rolled forward. It just went ahead, on went on over.

Q. In other words, it was tilted forward?

A. Yes, sir.

Q. What caused you to fall?

A. The step underneath, it had rotted out. And, um, there, um, when it rotted, it just rolled out and I didn't have nothing to grab a hold of.

\* \* \* \* \* \*

Q. Was there anything you could see, though, going back to Picture 5, that led you to believe that that [top] step was not attached to anything?

A. No, sir. Um, but that old cross tie, like wood, it's like camouflage. You can't see anything until you hit it and that's what happened. I couldn't identify anything. It was that bad.

Thus, the danger here from the condition of the top stair was not so apparent nor so great that it was unreasonable for Gregg to encounter it. His actions appeared no less wary than that caution which any other reasonable man might exercise under the same circumstances. Even a cursory review of the evidence reflects that all elements of the verdict director were satisfied to make a submissible case; thus, the trial court did not abuse its discretion in granting his motion for new trial. Appellant's first point is denied.

Appellants' second point states that the trial court erred and abused its discretion granting Gregg a new trial on the ground that the verdict was against the weight of the evidence in that (a) the evidence was overwhelmingly in favor of landlords; (b) the trial court erred and abused its discre-

tion in numerous other respects, all to the advantage of Gregg which would have resulted in a new trial if the jury verdict had been in Gregg's favor in that the trial court (1) refused landlords' comparative fault instructions; (2) permitted evidence of post-occurrence repair of the steps; (3) permitted rebuttal evidence of bad acts to impeach one of landlords' witnesses; and (4) permitted an attorney from the law firm representing Gregg to testify and express his opinion on Gregg's lost wages. Appellants contend that these errors are all to the advantage of Gregg and would have constituted reversible error warranting a new trial for them if the jury verdict had been in favor of Gregg.

We need not reach the merits of this point. The trial court exercised its discretion in granting Gregg's motion for a new trial on the ground that the verdict was against the weight of the evidence. Thus, the trial court was never presented with a motion for new trial concerning these claims of trial error. Whether they will occur upon retrial under identical circumstances is purely speculative; therefore, we decline to engage in an advisory review.

One final matter requires our consideration. Gregg has filed a motion to dismiss this appeal and also a motion for damages for frivolous appeal under Rule 84.19. Gregg suggests such sanctions are appropriate because the landlords' statement of facts in their brief is either incomplete or irrelevant and because landlords know that reversals of a trial court's grant of a new trial are rarely granted. Awarding frivolous appeal damages is a drastic remedy to be used only with caution. *Fornachon v. Fornachon*, 748 S.W.2d 705, 709 (Mo.App.1988). Such a remedy is reserved for those rare cases which present no justiciable question and are so obviously devoid of merit there is little prospect the appeal can succeed. *Id.; O'Dell Plumbing, Heating & Cooling, Inc. v. Clayton Greens Nursing Center*, 676 S.W.2d 528, 532 (Mo. App.1984). That is not the situation in this case. We do not believe respondents' appeal to have been patently frivolous. Motions denied.

The judgment of the trial court is affirmed in all respects.

PUDLOWKSKI, P.J., and CRIST, J., concur.