**STATE of Missouri, Respondent,**

v.

**Lance Adam SPENCER, Appellant.**

**No. SD 29707.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 26, 2010.

Craig A. Johnston, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Terrence M. Messonnier, Asst. Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Lance Spencer (Defendant) challenges, on a procedural issue, his conviction for conspiracy to commit drug trafficking in the first degree (§§ 195.222 & 564.016).[1]

---

1. Unless otherwise indicated, statutory cita- tions are to RSMo 2000, and rule references

## Background

Defendant initially was charged with the Class B felony of conspiracy for which he ultimately was convicted. An amended information charged him with the same offense as a persistent offender. A second amended information charging him with the Class A felony of trafficking drugs in the first degree (§ 195.222) was withdrawn before arraignment.[2]

Defendant argued for dismissal on the morning of trial, asserting that the last-filed information nullified earlier ones, so its withdrawal left no charge remaining. He claimed the original conspiracy charge could not proceed unless the State recharged him. The trial court disagreed, finding no prejudice in "a proposed changed Information filed that [Defendant] wasn't arraigned on." The case was tried on the first amended information, and the jury found Defendant guilty of conspiracy.

## Charge Not Vitiated

Defendant renews on appeal his claim that the second amended information "had the effect of vitiating the original conspiracy charge as fully as though it had been formally dismissed by order of court, and consequently when the State announced its intent to abandon the second amended information," there was no charge left to be tried. Long-established case law holds otherwise.

In *State v. Melvin,* 166 Mo. 565, 66 S.W. 534 (1902), the appellant similarly argued

that "the second indictment ipso facto quashed the indictment under which he was convicted, and when, in turn, the second was formally quashed, there remained no legal charge against him." *Id.* at 535. Construing what now is § 545.110—a statute essentially unchanged from 1845 to the present[3]—our supreme court found such position "untenable." *Id.* Under the statutory language, the first charge is not superseded, but merely suspended, so "new life and validity may be imparted to it by the removal of the obstacle which caused the suspension, to wit, the second indictment, as was done in this case." *Id.*

> Giving the words of this section their ordinary and usual sense ... the statute requires the first indictment to remain suspended pending the period the second is in force, unless actually quashed by the court on the record; but, if the second is itself quashed without the first having been quashed, the first is restored to all its vigor, and we are not authorized to hold that it is quashed ipso facto by the preferment of a second indictment.

*Id.* at 536. *Melvin* ruled that our statute "requires the court to order [the first charge] quashed before it can be held to be void and incapable of further efficacy," expressly disapproving a prior case supporting Defendant's instant claim. *Id. See also State v. Granberry,* 530 S.W.2d 714, 719, 722 (Mo.App.1975)(quoting and citing with approval these aspects of *Melvin* ).[4]

---

are to Missouri Court Rules (2009).

2. The State asserts on appeal that the second amended information never was "filed," a claim we need not reach in light of our disposition.

3. This statute, which was § 2522, RSMo 1899, when *Melvin* was decided, states: "If there be at any time pending against the same defendant two indictments for the same offense, or two indictments for the same matter,

although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed." It applies to both indictments and informations. *State v. Reichenbacher,* 673 S.W.2d 837, 838 (Mo.App.1984).

4. Although Rule 23.10(b) says the last-filed charge "shall supersede all indictments or informations previously filed," we have not found or been cited to any indication that our supreme court thereby meant to undercut

Defendant cites cases from other jurisdictions, but we are constitutionally bound to follow the last controlling decision of our supreme court. Mo. Const. art. V, § 2; *Baker v. Empire Dist. Elec. Co.*, 24 S.W.3d 255, 263 (Mo.App.2000). Under *Melvin* and its construction of § 545.110, we deny Defendant's sole point and affirm the judgment of conviction.[5]

LYNCH, P.J., and RAHMEYER, J., concur.

*Melvin* or § 545.110. To the contrary, *State v. Davis*, 624 S.W.2d 72 (Mo.App.1981), *overruled on an unrelated point by State v. Reynolds*, 819 S.W.2d 322, 325–27 (Mo. banc 1991), noted: "The second sentence of Rule 23.10, formerly Rule 24.14, provides that where two or more indictments or informations pend, the last filed suspends proceedings on those earlier filed. To the same effect is § 545.110." 624 S.W.2d at 76.

5. The court acknowledges and commends Defendant's appellate counsel for his reply brief compliance with Rule 4–3.3(a)(2).