**Charity Dawn FORESTER,**
**Plaintiff–Respondent,**

v.

**Michael S. CLARKE, M.D.,**
**Defendant–Appellant.**

**No. SD 30105.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 12, 2011.

Motion for Rehearing or Reconsideration
and Transfer to Supreme Court
Denied Feb. 7, 2011.

Application for Transfer Denied
April 26, 2011.

Randall R. Cowherd, Springfield, MO, for Appellant.

David D. Ansley, Springfield, MO, for Respondent.

JEFFREY W. BATES, Judge.

Charity Forester (Plaintiff) brought a medical malpractice action against Dr. Michael Clarke (Defendant). The case was tried by a jury, which rendered a verdict in favor of Defendant. Thereafter, Plaintiff filed a motion for new trial on the ground that the verdict was against the weight of the evidence. The trial court agreed and granted a new trial on that ground. Defendant now appeals the judgment granting a new trial. This Court affirms.

## I. Standard of Review

Missouri Supreme Court Rule 78.02 provides that a trial court may grant one new trial on the ground that the verdict is against the weight of the evidence. *Id.*[1] Section 510.330 similarly provides that "[o]nly one new trial shall be allowed on the ground that the verdict is against the weight of the evidence." *Id.; see, e.g., Gentry by Gentry v. Douglas,* 744 S.W.2d 788, 789–90 (Mo. banc 1988) (both § 510.330 and Rule 78.02 permitting only one new trial on weight of evidence grounds did not violate state constitutional right to jury trial and are therefore constitutionally valid)[2].

In *Stehno v. Sprint Spectrum, L.P.,* 186 S.W.3d 247 (Mo. banc 2006), our Supreme Court recited the long-standing standard of review which applies to an appeal from a trial court's decision to grant a new trial on the ground that the verdict is against the weight of the evidence. *Id.* at 250. The Supreme Court stated that "[t]he circuit court has nearly unfettered discretion in deciding whether or not to grant a new trial on the ground that the verdict was against the weight of the evidence[.]" *Id.* The trial court's ruling is not to be disturbed on appeal, except in the case of a "manifest abuse" of that discretion. *Id.; Robinson v. Wampler,* 389 S.W.2d 757, 760 (Mo.1965); *see Gentry,* 744 S.W.2d at 789 (describing the standard of "manifest abuse of discretion" as "longstanding" and "time-honored"). Generally, a trial court abuses its discretion if its "ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable

1. All references to rules are to Missouri Court Rules (2010).

2. All references to statutes are to RSMo (2000).

as to shock the sense of justice and indicate a lack of careful consideration." *Wingate by Carlisle v. Lester E. Cox Med. Ctr.*, 853 S.W.2d 912, 917 (Mo. banc 1993); *Johnson v. McCullough*, 306 S.W.3d 551, 555 (Mo. banc 2010).

The rationale supporting the above standard of review is that "the trial court is in a better position to weigh evidence than the appellate courts." *Dick v. Children's Mercy Hosp.*, 140 S.W.3d 131, 136 (Mo.App.2004); *Talley v. Swift Transp. Co.*, 320 S.W.3d 752, 754 (Mo.App.2010). In *Clark v. Quality Dairy Co.*, 400 S.W.2d 78 (Mo.1966), our Supreme Court explained that this rationale "is founded upon the fundamental inappropriateness of appellate courts' endeavoring to weigh evidence." *Id.* at 82. The Court further explained:

> We have only the cold transcript before us which reveals very few of the numerous factors to be considered in weighing evidence. As appellants point out, weighing evidence is not simply a matter of quantitative analysis, but is primarily a qualitative analysis. While we might well determine which litigant produced the larger quantity of evidence, our position is far [inferior] to that of the trial court in analyzing the quality of the evidence. Consequently we must rely upon the trial court's proper exercise of the discretion entrusted to it in such matters.

*Id.*; *see Gentry*, 744 S.W.2d at 789. As a result, "[a]ppellate courts are more liberal in upholding the grant of new trial than the denial of one." *Smith v. City of Hannibal*, 297 S.W.3d 926, 929 (Mo.App.2009); *Thurman v. St. Andrews Mgmt. Servs., Inc.*, 268 S.W.3d 434, 441 (Mo.App.2008).

"As long as the plaintiff makes a submissible case, the court's grant of a new trial will generally not be disturbed." *Stehno*, 186 S.W.3d at 250. It is only where there is a complete absence of probative fact to support the jury's verdict that this Court will decide that the plaintiff did not make a submissible case. *Id.*; *Doe v. TCI Cablevision*, 110 S.W.3d 363, 369–70 (Mo. banc 2003). In determining whether a plaintiff made a submissible case, "the evidence is considered in the light most favorable to the plaintiff, giving [him or her] all reasonable beneficial inferences." *Doe*, 110 S.W.3d at 369.

## II. Discussion and Decision

Defendant's single point relied on states:

> The trial court erred and abused its discretion in granting [Plaintiff's] motion for new trial because it necessarily applied an inappropriate standard not intended by Section 510.330, RSMo, and Rule 78.02, Rules of Civil Procedure, and which conflicts with and denies [Defendant's] inviolate Constitutional right under Article I, Section 22(a) of the Missouri constitution to a trial by jury in that the verdict of the jury was supported by a preponderance of the evidence establishing [Defendant] met the applicable standard of care and was not negligent in his treatment of [Plaintiff].

In both Defendant's point and the argument portion of his brief, he does not contend that Plaintiff failed to make a submissible case. Instead, Defendant acknowledges the standard of review set forth by our Supreme Court in *Stehno* and argues only that the "current standard of review is unconstitutional and should be replaced." Defendant requests this Court to adopt a different standard used in other jurisdictions which require a trial court to uphold a jury's verdict if it is supported by a preponderance of the evidence.

This Court cannot grant the relief Defendant requests. "[W]e are constitu-

tionally bound to follow the most recent controlling decision of the Supreme Court of Missouri." *Board of Directors of Richland Tp. v. Kenoma, LLC,* 284 S.W.3d 672, 677 (Mo.App.2009); Mo. Const. art. V, § 2; *see State v. Spencer,* 307 S.W.3d 203, 205 (Mo.App.2010). We are, therefore, constitutionally bound to follow the current standard of review as set forth in *Stehno,* 186 S.W.3d at 250. Defendant does not argue that he is entitled to relief under the existing standard of review. Point denied.

The trial court's decision to grant a new trial on the ground that the verdict was against the weight of the evidence is affirmed.

RAHMEYER, P.J., and SCOTT, C.J., Concur.