Phillip J. BAST, Jr., Plaintiff-Appellant,

v.

ST. LOUIS FREIGHTLINER, INC., Defendant-Respondent.

No. 47845.

Missouri Court of Appeals, Eastern District, Division Three.

July 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.
Application to Transfer Denied Oct. 9, 1984.

Donald S. Singer, Clayton, for plaintiff-appellant.

Joseph H. Mueller, St. Louis, for defendant-respondent.

KAROHL, Presiding Judge.

Plaintiff-appellant sued defendant, St. Louis Freightliner, Inc., for personal injuries. The jury awarded plaintiff $150,000 in actual damages. The trial court sustained defendant's motion for a new trial on damages alone. Plaintiff appeals this order.

The trial court sustained defendant's motion for a new trial because the court believed prejudice resulted to defendant when the court inadvertently included a punitive damage verdict form in the instructions to the jury when punitive damages were not at issue.

Plaintiff contends the trial court erred in sustaining defendant's motion for a new trial because the addition of the punitive damage verdict form was not prejudicial to defendant. A limited transcript directed to only the point appealed was submitted. We have no record containing evidence of injury and damages sustained.

Affirmed.

The appellate court will usually defer to the trial court's action when the trial court sustains a new trial on discretionary grounds. *Simpson v. Kansas City Connecting Railroad Company*, 312 S.W.2d 113, 120 (Mo. banc 1958), *cert. denied*, 358 U.S. 825, 79 S.Ct. 41, 3 L.Ed.2d 65. The general rule is that if any ground advanced in support of a new trial is demonstrably correct, the order should be affirmed. *Claspill v. Craig*, 586 S.W.2d 458, 461 (Mo.App.1979); *Saveway Oil Co. v. Sears, Roebuck Co.*, 560 S.W.2d 325, 331 (Mo.App.1977). The burden of showing that the trial court abused its discretion is on the appellant. *Simpson* at 121.

The trial court, in the instant case, sustained the motion for a new trial for the following reasons:

1. That there is no evidence to support submitting the issue of punitive damages to the jury.

2. That by giving Verdict Form 36.11 together with M.A.I. 36.01, the actions of the court were in direct conflict with Instruction No. 11, M.A.I. 2.04 which refers to a single verdict form and not multiple verdict forms.

3. That the action of the court in allowing the jury to have two verdict forms, one providing for punitive damages, was highly inflammatory and prejudicial and permitted and allowed the jury to consider punitive damages as later evidenced by the grossly excessive verdict of plaintiff.

4. That the giving of two verdict forms, one proper and one improper, was confusing to the jury, misleading and prejudicially erroneous.

██ The courts in Missouri have long held that "All deviations from the straight and narrow path prescribed in M.A.I. will be presumed prejudicially erroneous unless it is made perfectly clear that no prejudice has resulted. The requirements of M.A.I. are mandatory." *Murphy v. Land,* 420 S.W.2d 505, 507 (Mo.1967); *Gormly v. Johnson,* 451 S.W.2d 45, 47 (Mo.1970); *Conger v. Queen City Food and Vend., Inc.,* 591 S.W.2d 161, 163 (Mo.App.1979).

After analyzing the reasons for sustaining a motion for new trial and applying the above authority, it is clear the trial court deviated from M.A.I. by including the improper verdict form with the instruction package. Although this was a purely mechanical error it constitutes a basis on which the trial court was authorized to grant a new trial on the damages issue. In order to prevail plaintiff must prove that no prejudice resulted to defendant when the court mistakenly submitted the punitive damage verdict form.

Plaintiff relies on *Kasper v. Helfrich,* 421 S.W.2d 66, 71 (Mo.App.1967) where it was held that the trial court may correct an erroneous instruction anytime before the verdict is rendered. But this action by the court does not conclusively result in nonprejudice to the defendant. The court did here withdraw the improper verdict form before the jury returned the verdict. The court also told the jury that it should "be guided by the instructions and verdict form now supplied." In *Kasper,* the court affirmed the trial court's determination that no prejudice resulted by the amended instruction. Here the trial court concluded the mechanical error was confusing, misleading, that the instructions were themselves conflicting in that Instruction No. 11 referred to a single verdict where a multiple verdict form was originally submitted, that the verdict may have been influenced by the error and granted a new trial on the only effected issue. *Kasper* is not control-

ling. Plaintiff cites no authority to support its view that the removal of the improper form cured any possibility of prejudice that may have resulted from the mistake. Therefore plaintiff has failed to meet his burden of proof that no prejudice resulted to the defendant or that the court abused its discretion in granting a new trial on the issue of damages. We cannot say as a matter of law the order granting a new trial on that issue was erroneous. *Carnell v. Dairyman's Supply Company,* 421 S.W.2d 775, 776 (Mo.1967).

This cause is remanded for a new trial on the issue of damages only.

REINHARD and CRANDALL, JJ., concur.