**Judith ROBINSON, Plaintiff–Appellant,**

v.

**G. Scott WEINSTEIN, Defendant–Respondent.**

No. 61890.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 8, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 14, 1993.

Ray B. Marglous, Ray B. Marglous, P.C., St. Louis, for plaintiff-appellant.

Ralph V. Hart, Kortenhof & Ely, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from a jury verdict in her favor assessing her damages at $1844 and attributing 50% of the fault in an automobile accident to her. We modify the judgment and as modified affirm.

The accident occurred on eastbound Olive Street in St. Louis County. Plaintiff was driving east on Olive Street near its intersection with I–270. Defendant was entering Olive Street from the exit ramp of I–270. Plaintiff testified she saw defendant's car approximately one second before impact and honked her horn and hit her brakes. Defendant never saw plaintiff's vehicle. Defendant moved from his lane into plaintiff's lane and sideswiped her vehicle. Contact was at defendant's rear bumper and plaintiff's front tire. The contact made was minimal and neither vehicle sustained serious damage. Both were driven from the scene and defendant made repair to his car by gluing a rubber molding strip back into place. Defendant was issued a citation for making an improper lane change to which he pleaded guilty.

At trial plaintiff produced evidence of $33,000 in medical bills which she claimed were the product of this accident. There was considerable evidence that most, if not all, of her physical problems pre-existed the accident.

Plaintiff's first two points premise error on evidentiary rulings made by the trial court. We find no abuse of discretion and no prejudice in the actions of the trial court. Further discussion of those points would serve no precedential purpose.

■ Plaintiff contends that the trial court erred in submitting defendant's comparative fault instruction. We agree. That instruction was based on plaintiff's failure to keep a lookout. Assuming that the evidence established that plaintiff failed to keep a lookout the evidence does not establish that such failure was in any way the cause of the accident. Plaintiff was proceeding in her lane when defendant entered her lane and collided with her. Nothing in the evidence indicates that she should have been aware early enough for her to take defensive action that defendant would fail to yield the right of way, as he was required to do. *Thurman v. Anderson*, 693 S.W.2d 806 (Mo. banc 1985). Plaintiff sounded her horn and applied her brakes but neither action prevented the accident. Defendant contends plaintiff

should have moved into the lane to her left. There is no evidence that she could have done that safely and the burden was on defendant to support a claim of comparative fault. *Luthy v. Denny's, Inc.*, 782 S.W.2d 661 (Mo.App.1989) [5]. The instruction was improperly given. We need not remand however. The judgment can be modified to eliminate the reduction in the damages for comparative fault. Rule 84.-14.

■ Plaintiff's final point is that the verdict was inadequate. The issue of the damages sustained by the plaintiff in this accident was sharply contested. The evidence supported a jury finding that plaintiff suffered little if any injury as a result of this very minor collision. The issue of plaintiff's damages was for the jury to determine and the decision made is supported by the evidence.

The judgment is modified to provide for damages to plaintiff in the amount of $1844 with no reduction for comparative fault and as modified is affirmed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.