**Christopher A. VARNER,
Plaintiff–Appellant,**

v.

**Robert WEISS, Defendant–Respondent.**

**No. 64170.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 27, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 31, 1994.

Application to Transfer Denied
Dec. 20, 1994.

James F. Koester, Kenneth D. Koester, St. Louis, for appellant.

Nicholas G. Gasaway, Darrell E. Missey, Hillsboro, for respondent.

CRANDALL, Judge.

Plaintiff, Christopher A. Varner, appeals from a judgment in plaintiff's favor in his action against defendant, Robert Weiss, for bodily injury. The jury returned a verdict for $7,800 and assessed fault 65 percent plaintiff, 35 percent defendant. Accordingly, the trial court entered judgment in favor of plaintiff for $2,730. We affirm as modified.

Plaintiff was injured in an automobile collision with defendant. Plaintiff was travelling northbound on Hawkins Road in St. Louis County approaching the intersection of San Piedras Parkway. Defendant was attempting to exit the driveway of a Fina Station just south of this intersection. Defendant's car was facing Hawkins Road in a westerly direction.

At the Fina Station driveway, Hawkins Road widens from two lanes to four lanes; a southbound lane, and three northbound lanes. Of the three northbound lanes, one is a left turn lane, one is a right turn lane, and one is a through lane. Along this stretch, Hawkins Road is flat and straight.

As plaintiff approached the intersection, he entered the right turn lane. He testified that he saw the defendant in the Fina driveway.

Defendant testified that there were two cars stopped in the northbound Hawkins

through lane at the stoplight at San Piedras. Behind them, a truck pulled up and stopped far enough back from the car in front of it to allow defendant room to make a left-hand turn to travel south on Hawkins Road. Defendant did not see plaintiff in the right turn lane until the moment of impact. As he pulled out from the driveway, defendant's front bumper struck the passenger side of plaintiff's car. Plaintiff's car spun around, jumped the curb on Hawkins, struck a neon advertising sign, and finally collided with gas ventilation pipes at the Fina Station.

At trial, defendant submitted a comparative fault instruction, as follows:

### INSTRUCTION NO. 9

In your verdict you must assess a percentage of fault to plaintiff Christopher Varner, whether or not defendant Robert Weiss was partly at fault, if you believe:

First, Plaintiff Christopher Varner passed the pickup truck immediately ahead of him on the right, and

Second, Plaintiff Christopher Varner was thereby negligent, and

Third, such negligence of plaintiff directly caused or contributed to cause any damage plaintiff may have sustained.

During deliberation, the jury requested all photographs. In response, the court sent all the photographs to the jury room, including one that the defendant had marked to indicate the locations of his vehicle and the pickup truck.

■ Plaintiff first claims the trial court erred in submitting the jury instruction because it permitted the jury to assess a percentage of fault to him for conduct which did not constitute negligence. Defendant contends the instruction was proper because plaintiff was negligent for passing on the right when the accident occurred.

Section 304.016.2(4), RSMo, Cum.Supp. 1993, provides, in pertinent part, that "the driver of a motor vehicle may overtake and pass to the right of another vehicle only under the following conditions: ... (4) Upon any highway outside of a city with unobstructed pavement of sufficient width and

clearly marked for four or more lines of traffic." Where the accident occurred, Hawkins Road was marked for four lines of traffic. Therefore, passing a vehicle to the right on this stretch of Hawkins Road was statutorily permissible. Plaintiff entered the right turn lane as it opened up. He was travelling in a lane that he was entitled to be in when defendant's vehicle collided with his vehicle.

Defendant also argues that plaintiff was negligent because he was in the right turn lane when he really intended to return to the through lane and go straight. Plaintiff was properly proceeding in a travel lane when defendant pulled out from the driveway and collided with him. § 300.285, RSMo 1986, provides, in pertinent part, that "the driver of a vehicle within a business or residence district emerging from an alley, driveway or building ... upon entering the roadway shall yield the right-of-way to all vehicles approaching on said roadway." The defendant had the duty to yield to *all* vehicles approaching on Hawkins Road. Plaintiff's intent as to some future act is not relevant and had no causal relationship to the accident. Plaintiff's point is granted.

■ In his second point, plaintiff asserts that the trial court abused its discretion when it sent the defendant's photographs to the jury room. We have reviewed the record with regard to this allegation of error. No error of law appears. An extended opinion would have no precedential value. Defendant's second point is denied. Rule 84.16(b).

The comparative fault instruction was improperly given. We need not remand, however. *See, e.g., Robinson v. Weinstein,* 856 S.W.2d 337 (Mo.App.E.D.1993). The judgment can be modified to eliminate the reduction in damages for comparative fault. Rule 84.14.

The judgment is modified to provide for damages to plaintiff in the amount of $7,800, with no reduction for comparative fault, and as modified, is affirmed.

CRANE, P.J., and CARL R. GAERTNER, J., concur.