**Edgar DICK, Plaintiff–Appellant,**

v.

**Willie CARBON, Defendant–Respondent.**

No. 68943.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 11, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 24, 1996.

Application to Transfer Denied
Aug. 20, 1996.

David C. Drury, St. Louis, for appellant.

Lawrence J. Permuter, Craig S. Redler, St. Louis, for respondent.

DOWD, Judge.

Edgar Dick appeals the judgment entered pursuant to jury verdicts on his tort action against Willie Carbon. We modify the judgment and affirm as modified.

Dick's action against Carbon relates to injuries sustained by Dick when the bicycle he was riding collided with Carbon's automobile. At trial, the court submitted to the jury, over Dick's objection, a comparative fault instruction for failure to keep a careful lookout. The jury returned verdicts finding Dick sustained $8,000 of personal injury damage and $1,000 of property damage arising from the collision. The jury, however, found Dick 60 percent comparatively at fault and assessed Carbon's liability as 40 percent. The court entered a judgment for Dick against Carbon in the amount of $3,600.

In his first point on appeal, Dick argues the court erroneously submitted the comparative fault instructions to the jury because the evidence was insufficient to support such an instruction. The evidence of liability was contained in Dick's in-court testimony and portions of Carbon's deposition read into evidence.

Dick testified that at approximately 9 a.m. on the Sunday morning of September 13,

1992, he was riding his bicycle on North Hanley Road. The portion of North Hanley Road where the collision occurred generally runs north-south with two lanes approximately 30 feet wide running in each direction. Dick said he was travelling north on North Hanley Road at approximately 30 miles per hour. He was riding on the far right-hand side of the northbound lanes very near the curb bordering the northbound lanes. The weather was clear and bright, and the road traffic was extremely light. Dick testified that as he travelled north he saw Carbon's automobile facing south stopped in the southbound lane nearest the center of the road. He said he and Carbon were approximately 300 to 400 feet apart and no obstructions lay between them. Dick claimed as he continued north Carbon suddenly turned her vehicle into the northbound lanes in order to access a gasoline station located on the east side of North Hanley Road. Dick realized that Carbon's sudden turn placed her vehicle in a collision course with his bicycle. He attempted to avoid the collision. He applied his brakes and steered his bicycle away from the curb and towards the center of the roadway. However, Dick testified his efforts were unavailing, and his bicycle slammed into Carbon's automobile near the right rear wheel well. Dick was thrown over Carbon's automobile and was injured when he struck the ground. Dick's bicycle was also damaged during the collision.

Carbon's deposition revealed that she was stopped in the southbound lane nearest the center of North Hanley with her left turn signal on indicating her intent to turn into the gasoline station located on the east side of North Hanley Road. She stated her car was stopped for approximately one minute as she waited for the traffic to clear. She agreed the weather was clear and bright and no obstructions would have blocked her view of Dick travelling north on his bicycle. Carbon said she began her turn through the northbound lanes and into the gasoline station entry way. As she was near the entrance and her car blocked both northbound lanes of traffic, she looked to her right and saw Dick for the first time. She said "he was on his bicycle and he had his head down

and he was coming real, real fast." She pressed down on the accelerator in the hopes of speeding past Dick before colliding. She stated she saw Dick lift his head up and try to swerve before he collided into her automobile. Carbon claimed she was not capable of accurately estimating speeds, distances or time. She supplied none of these measures in her testimony.

■ We find this evidence does not constitute substantial evidence supporting the failure to keep a careful look out comparative fault instruction as to Dick. The defendant seeking such a comparative fault instruction bears the burden to show that the other party, had he been keeping careful lookout, could have reacted in time to avoid the accident. *Wendt v. General Acc. Ins. Co.*, 895 S.W.2d 210, 216 (Mo.App. E.D.1995). Substantial evidence must show that the party alleged to have failed to keep a careful lookout "had the means and ability to have avoided a collision. Means and ability include sufficient time and distance considering the movement and speed of the vehicles." *Thurman v. Anderson*, 693 S.W.2d 806, 807 (Mo. banc 1985). Assuming the evidence was sufficient to show Dick failed to keep a careful lookout, no evidence in the record supports Dick had the means or ability to avoid the collision if he had kept careful lookout. The record gives no indication of the distance between Dick and Carbon's vehicle when Carbon violated Dick's right-of-way by turning into the northbound lanes of traffic, nor is there evidence of the time Dick would have had to react. Even assuming this evidence was present, no evidence was presented to show directly or inferentially Dick's bicycle's stopping distance and/or turning ability was sufficient to avoid the accident had Dick reacted at the moment Carbon asserts he should have. This evidence is insufficient to support the comparative fault instructions and submission of those instructions was improper. "We need not remand however. The judgment can be modified to eliminate the reduction in the damages for comparative fault" *Robinson v. Weinstein*, 856 S.W.2d 337, 338 (Mo.App. E.D.1993) (citing Rule 84.14). We have reviewed Dick' second and final point and find it without merit.

The judgment is modified to provide for damages to Dick in the amount of $9,000 with no reduction of comparative fault and as modified is affirmed.

CRAHAN, P.J., and CRANDALL, J., concur.