Joseph J. PATTON, a minor, By and Through his Next Friend, Victoria MENNE, and Victoria Menne, Individually, Respondents,

v.

John L. MAYES, Appellant.

No. 71636.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 5, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 9, 1997.

Application to Transfer Denied Nov. 25, 1997.

Daniel E. Wilke, Richard A. Tjepkema, Clayton, for appellant.

Rex M. Burlison, Ofallon, for respondents.

ROBERT E. CRIST, Senior Judge.

John L. Mayes (Driver) appeals a judgment of the trial court entered upon a jury verdict in favor of Joseph J. Patton, a minor, (Child) by and through his Next Friend, Victoria Menne, and Victoria Menne, Individually (Mother) in a "child-darting" auto case. The jury returned a verdict in the amount of $2500.00 in favor of 9 year old Child and $17,500.00 in favor of Mother. It determined Child was 50% at fault but did not attribute any fault to Mother.

Driver complains of error when the trial court took judicial notice that the running speed of a 9 year old Child was around 5 or 6 m.p.h.; submitted the case to the jury via Instruction 5 without sufficient evidence and failed to reduce Mother's $17,500.00 recovery by 50%. The judgment is modified so that Mother shall have judgment in the sum of $8,750.00 and not $17,500.00.

In light of the points relied on by Driver, a brief recitation of the facts will suffice. On June 4, 1992, 9 year old Child was walking home from school in St. Charles County. When he reached the curb of Ipswich Road, he turned left and ran or jogged into, or was struck by Driver's vehicle. Prior to his entering the street, Driver was at least 100 feet away. Other children were on both sides of the road. Driver was going 15 to 20 m.p.h. Driver applied his brakes and slid about 4 feet prior to making a stop. He could have stopped without hitting Child if he had hit the brakes a bit sooner.

■ It was not reversible error for the trial court to take judicial notice that a nine year old Child runs at a speed of 5 to 6 m.p.h. There was evidence Child was running. The judicial notice was no more than evidence to be considered like other evidence in the case. *Bunch v. Mueller*, 365 Mo. 494, 284 S.W.2d 440, 445 (1955).

■ Driver complains of the giving of a combination lookout and failure to take action after apparent danger verdict directing instruction. First, Driver waived any objection to the instruction at the instruction conference and made no objection with reference thereto before the jury retired. Rule 70.03. Second, there was no plain error because Driver could have slowed or stopped. At 15 m.p.h Driver was traveling 22½ feet per second. He had about 100 feet in which to take evasive action, considering 3/4 seconds for reaction time. And, Driver admitted he could have stopped had he hit the brakes a bit sooner. *French v. Missouri Highway and Transportation Commission* 908 S.W.2d 146, 150 (Mo.App. W.D.1995). Point denied.

■ Finally, Driver is correct regarding the reduction of Mother's claim by 50% in that her claim was derivative in nature and was based upon injuries to and actions of Child who was assessed 50% comparative fault by the jury. In *Boley v. Knowles*, 905 S.W.2d 86, 90 (Mo. banc 1995), our Supreme Court held the right to maintain an action to recover medical expenses related to a child's treatment was vested jointly in the parent and child. The theory underlying comparative fault is to ensure a defendant is not forced to bear an unfair burden. *Teeter v. Missouri Highway & Transportation Commission*, 891 S.W.2d 817, 820 (Mo. banc 1995). There is no logical reason why the comparative fault chargeable to a plaintiff should apply in an action for loss of services of a spouse, but not where parental recovery is sought for medical expenses of a faulting child.

The judgment is modified so that Victoria Menne shall have judgment in the sum of $8,750.00. As modified, the judgment is affirmed.

AHRENS, C.J., and CRANDALL, J., concur.