**Andrew SPANN, a minor, by his Next Friend and Mother, Ollie SPANN, Appellant,**

v.

**Paul JACKSON, Respondent.**

**No. ED 80204.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 23, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 19, 2002.

Joseph L. Walsh, III, Joseph L. Walsh, P.C., St. Louis, MO, for appellant.

Daniel T. Rabbitt, Brian D. Kennedy, Rabbitt, Pitzer & Snodgrass, P.C., St. Louis, MO, for respondent.

PAUL J. SIMON, Judge.

Plaintiff, Andrew Spann, a minor, by his Next Friend and Mother, Ollie Spann, appeals the judgment of the Circuit Court of the City of St. Louis. On appeal, plaintiff contends the trial court erred because: 1) it failed to set aside the comparative fault finding of the jury that he failed to keep a careful lookout and enter judgment for the full amount of the verdict disregarding any comparative fault on the part of the plaintiff because Paul Jackson, defendant, bore the burden of establishing that, had plaintiff been keeping careful lookout, he could have reacted in time to avoid the accident but Jackson failed to adduce substantial evidence that plaintiff was capable of keeping a look out and, in any event, had the means or ability to avoid the accident if he had kept a careful lookout; 2) it failed to grant the motion for additur filed by plaintiff with respect to the judgment of $1,000 entered on behalf of plaintiff's mother, Ollie Spann, because the undisputed total of her damages was $12,363.84. We affirm as modified.

When reviewing the denial of a motion for judgment notwithstanding the verdict, we examine the evidence in the light most favorable to the result reached by the jury, giving the non-movant the benefit of all reasonable inferences and disregarding evidence and inferences that conflict with the verdict. *Giddens v. Kansas City Southern Ry. Co.*, 29 S.W.3d 813, 818 (Mo.banc 2000). A case may not be submitted unless each and every fact essential to liability is predicated upon legal and substantial evidence. *Id.* We will reverse the jury's verdict for insufficient evidence only where there is a complete absence of probative fact to support the jury's conclusion. *Id.*

This case arose out of an incident in which Jackson ran over plaintiff's foot with a riding lawnmower, resulting in a traumatic amputation of the distal phalanx of plaintiff's great right toe and a fracture of the remaining bone in the great toe.

In the light most favorable to the jury's verdict, at the time of the accident, plaintiff was eight years old. Gary Moore,

plaintiff's father, took him and his half-brother to defendant's home so that defendant could watch the children while he went to pick up some inspection papers. After Moore left, defendant began cutting his lawn with a riding lawn mower and subsequently ran over plaintiff's foot causing the aforementioned injury.

In his petition, plaintiff alleged, in count one, that his injuries were directly and proximately caused by defendant's negligent and careless (1) failure to keep a careful lookout for plaintiff; (2) exercise of custody, control, and/or supervision over plaintiff by failing to keep him within his view and control at all times; (3) exercise of custody, control, and/or supervision over plaintiff by placing himself in a position where he was unable to properly and adequately protect plaintiff from a danger created by his cutting his lawn; and (4) failure to exercise the required vigilance and caution by failing to take reasonable and prudent steps to properly and adequately exercise custody, control, and/or supervision over plaintiff. Plaintiff alleged, in the alternative, in count two, that his injuries were directly and proximately caused by defendant's negligence or carelessness (1) in maintaining and operating a riding lawn mower while plaintiff was on his property; (2) because defendant knew or had information from which he, in the exercise of ordinary care, should have known that children such as plaintiff would be exposed to the danger of such mower while being operated on the premises of defendant; (3) because defendant knew or by using ordinary care could have known such condition presented an unreasonable risk of harm to children such as plaintiff who were exposed to it; (4) because children such as plaintiff would not appreciate the risk of harm associated with such a situation due to their youth; and (5) because defendant failed to prevent plaintiff from being exposed to such harm. Finally, in count

three, plaintiff's mother, Ollie Spann, alleged that she had incurred damages from plaintiff's medical bills and also from the wages she lost while caring for his injury.

Defendant filed an answer denying generally the allegations and asserted the following affirmative defenses in response to the allegations contained in all three of plaintiff's counts: (1) plaintiff's petition should be dismissed for failure to state a cause of action upon which relief can be granted; and (2) plaintiff's recovery, if any, as a matter of law and fact, should be reduced in a percentage amount corresponding to the extent and amount of plaintiff's own contributory and/or comparative fault.

At trial, defendant testified that, although he did not want to, he was watching plaintiff and his half-brother at his house while Moore ran some errands. After Moore left, Jackson prepared to mow his lawn at which time he instructed plaintiff "to stand on the concrete slab of [his] driveway, right in front of the gas light." Then after rolling up his garden hose, defendant began mowing his lawn. After he made his first pass around his lawn, plaintiff was on the driveway, as instructed—approximately 45 feet from the location of the accident—with his half-brother. As defendant came to the south boundary of his lawn, he made "that quick turn." He testified that he felt plaintiff tap him on the side and "[he] really didn't see him because I'm behind—he came up and tapped me, and as I was in the curve, there was nothing I could do." Then he realized that he had just run over plaintiff's left foot. As a result, he quickly got off the mower, pulled plaintiff's feet from under the mower, carried him into the house, and called for medical help.

Plaintiff's version of the location of the incident differs in that he testified that as

Jackson drove by plaintiff and his half-brother, who were on the front porch stoop, the mower blew dust into his eyes and he stepped off the bottom step of the front porch whereupon his foot was run over by the mower.

Plaintiff's mother, Ollie Spann, testified that the total medical bills amounted to $12,042.99 and that she lost $320.85 in wages from her two jobs while she was off attending to her son. The case was submitted to the jury with instructions to assess a percentage of fault to plaintiff if they believed he failed to keep a careful lookout, was thereby negligent, and such negligence directly caused or directly contributed to cause any damage plaintiff may have sustained.

The trial court entered a judgment, pursuant to the jury verdict, for plaintiffs. The jury found that plaintiff's total damages were $37,500 and that he was 85% at fault, thereby reducing defendant's liability to $5,625. The verdict and judgment also found that plaintiff's mother sustained $1,000 in damages.

■ In his first point, plaintiff argues that the trial court erred because it failed to set aside the comparative fault finding of the jury that plaintiff failed to keep a careful lookout and enter a judgment for the full amount of the verdict disregarding any comparative fault on the part of plaintiff because defendant bore the burden of establishing that, had plaintiff been keeping careful lookout, he could have reacted in time to avoid the accident but defendant failed to adduce substantial evidence that plaintiff was capable of keeping a look out and, in any event, had the means or ability to avoid the accident if he had kept careful lookout.

■ A party seeking a "failure to keep a lookout" instruction has the burden of showing that the other party, had he been keeping a careful lookout, could have reacted in time to avoid the accident. *Wendt v. General Acc. Ins. Co.*, 895 S.W.2d 210, 216 (Mo.App. E.D.1995). The burdened party must provide substantial evidence that the party failing to keep a lookout had the means and ability to avoid the collision. *Id.* Whether there was sufficient time to react is a crucial factor in determining the propriety of a failure to keep a lookout instruction. *Id.*

Viewing the evidence and its reasonable inferences in the light most favorable to the verdict, we find sufficient evidence to support the submission on the "failure to keep a lookout" instruction. Defendant testified that "[he] really didn't see [plaintiff] because I'm behind—[plaintiff] came up and tapped me, and as I was in the curve, there was nothing I could do." Further, plaintiff walked from the driveway to the south boundary of the lawn, where the incident occurred, in order to tap defendant. Plaintiff also testified that he understood a riding lawnmower could be dangerous. Therefore, a "failure to keep a lookout" instruction was proper, and the trial court did not err in entering its judgment. Point denied.

■ In his second point, plaintiff argues that the trial court erred because it failed to grant the motion for additur filed by plaintiffs with respect to the judgment of $1,000 entered in favor of the plaintiff's mother because the undisputed total of her damages and plaintiff's medical costs was $12,363.84.

■■ We will grant a motion for additur if we find that the jury verdict was so inadequate that it shocks our conscience and convinces us that both the jury and the trial judge abused their discretion. *Calarosa v. Stowell*, 32 S.W.3d 138, 147 (Mo.App. W.D.2000). The purpose of additur is to correct a jury's honest mistake

in fixing damages. *Massman Construction Co. v. Missouri Highway & Transportation Commission,* 914 S.W.2d 801, 803 (Mo.1996).

We have held that a parent's claim shall be reduced by the percentage of comparative fault his or her child is found to have where the parent's claim is derivative in nature and is based on the child's injuries. *Patton By and Through Menne v. Mayes,* 954 S.W.2d 394, 395 (Mo.App. E.D.1997).

Plaintiff's mother was awarded $1,000. Defendant argues that there is a "reasonably rational" basis for the jury to award Ollie Spann $1,000. Defendant contends that this rational basis was that the jury did not believe all of the testimony about plaintiff's medical bills and his mother's lost wages and that the jury was free to assess the credibility of the testimony. The two jury questions in the record indicate that the jury wanted to consider whether the bills had been paid by insurance and what kind of damages Ollie Spann incurred. While the court told the jurors "to be guided by the evidence and instructions as they have been presented to you," the award of $1,000.00 in damages indicates the jury abused its discretion in determining plaintiff's mother's damages.

Ollie Spann incurred damages of $12,363.84, $12,042.99 in medical bills and $320.85 in lost wages. While these damages must be reduced according to the percentage of comparative fault assessed to plaintiff, we can find no reason to reduce the damages below $1,854.58 or 15% of $12,363.84. Therefore, we find that the trial court abused its discretion in awarding plaintiff's mother only $1,000.00 in damages.

We need not remand in order to correct the damages award for comparative fault. *Dick v. Carbon,* 926 S.W.2d 172, 173 (Mo. App. E.D.1996). Therefore, the judgment of the trial court should be affirmed as modified, adjusting the amount due Ollie Spann from $1,000 to $1,854.58.

GARY M. GAERTNER, P.J., and CLIFFORD H. AHRENS, J., concur.