**Tina Louise SMITH, Respondent,**

v.

**CITY OF HANNIBAL, Appellant.**

**No. ED 92464.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Nov. 24, 2009.

927

James E. Godfrey, Jr., Katherine M. Cuneo, St. Louis, MO, for Appellant.

Branson L. Wood, III, Hannibal, MO, for Respondent.

ROY L. RICHTER, Judge.

The Circuit Court of Marion County ("trial court") entered judgment on a jury verdict in favor of Tina Louise Smith ("Plaintiff"), wherein the jury assessed 70% fault to the City of Hannibal ("City") and 30% fault to Plaintiff. The City appeals from the trial court's order granting Plaintiffs motion for a new trial. We affirm.[1]

## I.  BACKGROUND

This appeal arises out of Plaintiffs personal injury action against the City.[2] Plain-

1. Plaintiffs motion for damages for frivolous appeal is denied.

2. Plaintiff initially named both the City and Officer Chad A. Graham as defendants, but

tiffs petition alleged that she was driving her automobile on the left hand side of Highway 61's northbound lane in Hannibal when Officer Chad Graham ("Officer Graham"), acting within the course and scope of his employment, negligently caused his vehicle to collide with hers. Plaintiff alleged that she was injured and her vehicle damaged as a result of Officer Graham's negligence.

The City denied all allegations of negligence and raised the affirmative defense of comparative fault. According to the City, Plaintiffs own negligence contributed to her injuries in that she failed to keep a careful lookout, failed to swerve, failed to sound her horn, failed to stop, and failed to yield to the right of way.

■ The case was tried to a jury. In support of its comparative fault theory, the City adduced evidence that Plaintiff had taken her eyes off Officer Graham's vehicle prior to the point of impact and therefore failed to keep a careful lookout.[3] The City submitted a jury instruction ("Instruction Six") which stated:

> In your verdict, you must assess a percentage of fault to Plaintiff, whether or not [the City] was partly at fault, if you believe:
>
> First, Plaintiff failed to keep a careful lookout; and

Second, Plaintiff was thereby negligent; and

Third, such negligence caused or contributed to cause any damage Plaintiff may have sustained.

The jury returned a verdict in Plaintiffs favor and awarded her $15,000 in total damages. Concerning Instruction Six, the jury assessed 70% of fault to the City and 30% of fault to Plaintiff. The trial court accordingly offset Plaintiffs award based on her comparative fault, and entered judgment for Plaintiff for $10,500.

Plaintiff filed a motion for a new trial on October 21, 2008 and advanced several grounds in support thereof. First, Plaintiff asserted that the trial court erred in giving Instruction Six to the jury because there was no substantial evidence to support its submission.[4] Plaintiff then asked for a new trial because the verdict was "against the evidence," "against the greater weight of the credible evidence in this case," and "against the law under the evidence in this case."

The trial court held a hearing on Plaintiffs motion for a new trial on December 5, 2008. At the hearing, Plaintiffs counsel stated that "the sole allegation of error is that there was not evidentiary support for the comparative fault submission for failure to keep a lookout." Thus, the arguments at the hearing addressed only that

---

she later dismissed Officer Graham from the suit without prejudice.

**3.** The party seeking a "failure to keep a lookout" instruction has the burden of showing that the other party could have reacted in time to avoid the accident had he or she been keeping a careful lookout. *Spann ex rel. Spann v. Jackson,* 84 S.W.3d 478, 481 (Mo. App. E.D.2002). The party must also provide substantial evidence that the one who failed to keep a careful lookout could have avoided the accident. *Id.* Given these requirements, the City sought to introduce evidence that Plaintiff did not keep a careful lookout and

could have avoided the accident had she been paying close attention.

**4.** Specifically, Plaintiff's motion alleged that there was no substantial evidence on which to submit the instruction because: (1) there was no evidence that Plaintiff failed to see Officer Graham's car; (2) Plaintiff testified that she kept a close lookout throughout the incident; and (3) there was no evidence that the failure to keep a lookout caused the collision, nor was there evidence that Plaintiff could have avoided the collision if she had seen Officer Graham's car approaching.

issue. At the conclusion of the hearing, the trial judge indicated that the parties "are going to get back to me on some issues."

The trial court subsequently granted Plaintiffs motion for a new trial on January 9, 2009. In its reasons therefore, the trial court stated:

1. The verdict is against the weight of the evidence.

2. The [City] failed to produce substantial evidence to support the submission of comparative fault in Instruction Number 6 for the alleged failure to keep a careful lookout.

The City appeals.

## II. DISCUSSION

▇▇▇ We review a trial court's decision to grant a new trial for an abuse of discretion, and "allow every reasonable inference that favors the trial court's ruling." *Thurman v. St. Andrews Mgmt. Servs., Inc.*, 268 S.W.3d 434, 440 (Mo.App. E.D.2008) (quoting *Lowdermilk v. Vescovo Bldg. & Realty Co., Inc.*, 91 S.W.3d 617, 625 (Mo. App. E.D.2002)). An abuse of discretion occurs when the trial court's ruling is "clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Thurman*, 268 S.W.3d at 440. Appellate courts are more liberal in upholding the grant of new trial than the denial of one. *Id.* at 441.

▇▇▇ In its two points on appeal, the City argues that the trial court erred in granting Plaintiffs motion for a new trial. The trial court advanced two separate grounds in support of its order, and the City challenges both. If any ground advanced in support of a new trial is correct, we will affirm the trial court's order. *O'Neal v. Agee*, 8 S.W.3d 238, 241 (Mo.

App. E.D.1999) (citing *Bast v. St. Louis Freightliner, Inc.*, 676 S.W.2d 42, 43 (Mo. App. E.D.1984)).

▇▇▇ In its second point, the City argues that the trial court erred in granting Plaintiff's motion for a new trial on the basis that the verdict was against the weight of the evidence because Plaintiff did not preserve that allegation of error for review. We disagree.

▇▇▇ "The [trial] court has nearly unfettered discretion in deciding whether or not to grant a new trial on the ground that the verdict was against the weight of the evidence, '[a]nd its ruling upon that ground will not be disturbed, except in case of manifest abuse.'" *Stehno v. Sprint Spectrum, L.P.*, 186 S.W.3d 247, 250 (Mo. banc 2006) (quoting *Robinson v. Wampler*, 389 S.W.2d 757, 760 (Mo.1965)).

Missouri Supreme Court Rule 78.07(a) provides that, in jury-tried cases, "allegations of error must be included in a motion for a new trial in order to be preserved for appellate review."

According to the City. Plaintiff failed to preserve this issue for review because, at the hearing on her motion for a new trial, Plaintiffs counsel argued as "the sole allegation of error" that there was not evidentiary support for Instruction Six. The City claims that only later, in a proposed Order to the court, did Plaintiff argue that the verdict was also against the weight of the evidence. The City analogizes Plaintiffs conduct to instances where a plaintiff advances only one allegation of error in his motion for a new trial and later attempts present a new, additional allegation to the appellate court.

The City's argument fails to acknowledge, however, that Plaintiff filed a motion for a new trial on October 21, 2008, approximately six weeks before the trial court held a hearing on the motion. Plain-

tiffs motion alleged that the trial court should grant her a new trial because the jury's verdict was "against the evidence," "against the greater weight of the credible evidence in this case," and "against the law under the evidence in this case." The City cites no authority to support its argument that Plaintiff fails to preserve this point for review if she does not argue its merits at the hearing on the motion for a new trial. Rather, the Rule plainly states that Plaintiff must include her allegation of error in the motion for a new trial in order to preserve it for review. *See* Rule 78.07(a). Plaintiff complied with this requirement. The City's brief, somewhat duplicitously, does not even mention Plaintiffs initial motion for a new trial that she filed in October 2008, wherein she alleged that the verdict was against the weight of the evidence.

We have reviewed the record in this case and do not believe the trial court abused its nearly "unfettered discretion" in deciding to grant Plaintiffs motion for a new trial on this ground. *Stehno*, 186 S.W.3d at 250.

Plaintiff properly preserved this issue for review, and the trial court did not abuse its discretion in granting her motion on the grounds that the verdict was against the weight of the evidence. Point two is denied. Given this finding, we need not review the City's first point. *O'Neal*, 8 S.W.3d at 241.

## III.  CONCLUSION

The judgment of the trial court is affirmed.

KENNETH M. ROMINES, C.J., dissents in separate opinion

GLENN A. NORTON, J., concurs in result.

KENNETH M. ROMINES, Chief Judge, dissenting.

I dissent. This is a *nickel and dime* fender bender—soft tissue case. I believe it deserves the same close scrutiny as does a Death case.

The majority relies on "against the weight of the evidence". I do not know what that means on this record. I do not believe any Judge has ... "almost unfettered" discretion—no more so that any regulatory body, or any State official. I find this unprincipled. My reading of the record finds no explanation from counsel, the trial judge—nor indeed from the majority—as to what was against the weight of the evidence. "Against the weight of the evidence" is a bald conclusion. Under the Administrative Procedure Act, or the Workers Compensation statutes we would find such a conclusion, unsubstantiated, as arbitrary, capricious, and unconstitutional. I believe that is so here. I would deny the point.

That leaves the legal issue as to whether there was substantial evidence for defendant City to give an instruction for failure to keep a look-out. (MAI–37.02, 17.05, and 17.08). That this is the only issue in the case is made clear by Counsel for Ms. Smith. Three times at the motion for new trial counsel said ... "The sole allegation of error is that there was not evidentiary support for the comparative fault submission for failure to keep a look-out"... I take counsel at his word.

My review shows forty-six pages of transcript—from a transcript of three hundred and fifty-three pages—devoted to direct testimony as to the conditions, distances, speed, reaction times, and the sundry by—play of counsel that made a trial. Simply, there was substantial evidence to give the look-out instruction. The look-out instruction, simple though it is, is both a sword and a shield. To have granted a Motion

for New Trial on this record was an abuse of discretion.

I would reverse and remand for entry of the Judgment which the Jury reached.