Henry GREEN, Charles Johnson, Shirley King, Plaintiffs,

and

Leslie Lewis, Plaintiff/Respondent,

v.

UNITED EXPRESS, a division of United Foods, and Ray Wright, Defendants/Appellants.

No. 72989.

Missouri Court of Appeals, Eastern District, Division Two.

May 26, 1998.

Ted L. Perryman, Roberts, Perryman, Bomkamp & Meives, P.C., James D. Maschhoff, St. Louis, for appellants.

Leslie Lewis, pro se.

CRANE, Presiding Judge.

Defendant United Express appeals from that part of the judgment granting plaintiff Leslie Lewis's[1] motion for new trial on the ground that the trial court gave an erroneous comparative fault instruction. We reverse and remand because any error in the comparative fault instruction was rendered moot by the fact that the jury returned a verdict for United Express on plaintiff's negligence claim.

On May 17, 1994 defendant Ray Wright was driving a tractor trailer east on Highway 40 in St. Louis County. At the same time, plaintiff and two passengers were also traveling east on Highway 40 in a pick-up truck, with another pick-up truck in tow. Wright's tractor trailer and plaintiff's pick-up truck collided.

Plaintiff filed a negligence action against Wright and United Express seeking damages for personal injury.[2] He alleged that Wright was acting as an agent or employee of United Express and that Wright's negligence caused the accident and plaintiff's injuries.[3] Before the case was submitted to the jury, plaintiff dismissed his claim against Wright. The jury returned a verdict in United Express's favor. Subsequently, the trial court granted plaintiff's motion for new trial on the grounds it had given an erroneous comparative fault instruction.

■ For its sole point on appeal, United Express contends that the trial court's judgment granting a new trial was erroneous because any error in the comparative fault instruction was moot as a result of the jury's verdict in United Express's favor. We agree.

The verdict directing instruction, No. 10, read:

In your verdict you must assess a percentage of fault to defendant United Express, Inc. whether or not plaintiff Leslie Lewis was partly at fault, if you believe:

First, driver Ray Wright was operating the motor vehicle within the scope and course of his agency with United Express, Inc. at the time of the collision, and

Second, Ray Wright's automobile came into collision with the rear of the automobile being towed, and

Third, Ray Wright was thereby negligent, and

Fourth, such negligence directly caused or directly contributed to cause damage to plaintiff Leslie Lewis.

Under this instruction the jury found that United Express was not responsible for any fault attributed to Wright.

1. Leslie Lewis is the only plaintiff in this appeal and is referred to herein as "plaintiff."

2. Three other persons, Henry Green, Charles Johnson, and Shirley King, also filed actions against Ray Wright and United Express for claims arising out of the May, 1994 automobile accident. The trial court consolidated the cases for trial. These persons are not parties to this appeal.

3. Wright filed a counterclaim against plaintiff for damages to his tractor trailer and wages lost while the truck was being repaired. The jury returned a verdict in Wright's favor on the counterclaim. The trial court granted plaintiff's motion for new trial on the counterclaim. Wright's claim of error with respect to this order has not been briefed on appeal and is therefore abandoned.

We must assume that the jury followed its instructions and would have apportioned a percentage of fault against United Express if it found the hypothesized facts in the verdict director to be true. *See Wilson v. Shanks*, 785 S.W.2d 282, 285 (Mo. banc 1990); *Barnes v. Tools & Machinery Builders, Inc.*, 715 S.W.2d 518, 521 (Mo. banc 1986). The assessment of fault was not dependent upon and made no reference to the comparative fault instruction. Absent a finding in favor of the plaintiff, the jury would not reach the issue of comparative fault. A jury verdict which assesses no fault to the defendant negates any claim of prejudice to the plaintiff in the giving of an erroneous comparative fault instruction. *See Wilson*, 785 S.W.2d at 285; *Barnes*, 715 S.W.2d at 521.

The case is remanded with directions to set aside the order granting a new trial on plaintiff's claim against United Express and to reinstate the verdict on that claim.

RHODES RUSSELL, J. and JAMES R. DOWD, J., concur.