**Rosetta THURMAN and Helen Berry, Respondents/Plaintiffs,**

v.

**ST. ANDREWS MANAGEMENT SERVICES, INC. and New Florence Nursing Home, Inc., Appellants/Defendants.**

**No. ED 90781.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 30, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 13, 2008.

James C. Leritz, Leritz, Plunkert & Bruning, P.C., St. Louis, MO, for appellants.

Robert V. Krueger, Van Matre & Krueger, L.L.C., Mexico, MO, for respondents.

KURT S. ODENWALD, Presiding Judge.

### Introduction

St. Andrews Management Services, Inc. (St.Andrews) and New Florence Nursing Home, Inc. (New Florence) (collectively referred to as Appellants) appeal from the trial court's order granting survivors [1] (collectively referred to as Plaintiffs) of Zenia Bishop (Decedent) a new trial on the grounds of instructional error for failing to allow the jury to apportion fault among Appellants and a dismissed party in Plaintiffs' wrongful death action. We affirm in part and reverse in part.

### Background

On May 1, 2000, Decedent was a resident of New Florence Nursing and Care Center (Nursing Home), a long-term skilled nursing facility, when she sustained a closed head injury and a wrist fracture in a fall. Plaintiffs allege that after Nursing Home failed to send Decedent to an emergency center for evaluation, Decedent's daughter, Rosetta A. Thurman (Plaintiff Thurman), transported her mother to the emergency center at Audrain Medical Center in Mexico, Missouri. Decedent's wrist injury was treated in the emergency department by Dr. David Posner (Dr. Posner). Plaintiffs allege Dr. Posner failed to diagnose or properly treat Decedent's head trauma. Decedent returned to Nursing Home where Plaintiffs allege she continued to decline over the next several days. Plaintiffs contend that though Dr. Santosh Shenoy (Dr. Shenoy) was the medical director of Nursing Home and Decedent's attending physician there, he did not personally visit or observe Decedent until May 4, 2000, several days after the fall. When Dr. Shenoy ordered Decedent be sent to the Audrain Medical Center emergency center, that request was not implemented by Nursing Home, and Plaintiff Thurman again transported her mother to Audrain Medical Center. Decedent was admitted to Audrain Medical Center where she was diagnosed with bilateral subdural hematomas with a questionable infarct. Plaintiffs allege Decedent's death

---

1. Original named plaintiffs were Rosetta A. Thurman, Helen M. Berry, and Harold D. Bishop. Pleadings were later amended to remove Plaintiff Harold D. Bishop, Decedent's son, from the proceedings due to his own death.

on May 5, 2000, was a result of her fall on May 1, 2000.

Plaintiffs filed an action for the wrongful death of Decedent on April 30, 2002. Named as defendants were: New Florence, owner of Nursing Home; St. Andrews, operator and manager of Nursing Home; Audrain Healthcare, Inc. (Audrain Medical Center); Dr. Shenoy, director of medical services for Nursing Home and Decedent's attending physician while at Nursing Home; and Dr. Posner, the attending emergency physician at Audrain Medical Center who provided care to Decedent (collectively referred to as Defendants).

Approximately 16 months prior to the trial, in April 2006, the court approved a settlement agreement between Plaintiffs and Audrain Medical Center and judgment was entered whereby Audrain Medical Center was released and dismissed from the suit in exchange for payment of $35,000.

On the morning of the first day of trial, August 13, 2007, Plaintiffs reached a settlement agreement with Dr. Posner for $145,000. Dr. Posner was then released and dismissed as a party defendant with prejudice. At the same time, Plaintiffs also released Dr. Shenoy, who was similarly dismissed with prejudice. After the settlement and dismissals, the remaining defendants, New Florence and St. Andrews, requested leave to amend their answers to plead a set-off as to the settlements reached by Plaintiffs with both Dr. Posner and Audrain Medical Center. The trial court granted the requested leave and Appellants filed separate amended answers the next day pleading Section 537.060 [2] set-off as an affirmative defense and seeking a reduction of any judgment against them for the $35,000 paid to Plaintiffs by Audrain Medical Center and the $145,000 paid on behalf of Dr. Posner.

The trial then proceeded with Appellants, New Florence and St. Andrews, as the remaining defendants. While Plaintiffs did not present evidence regarding the dismissed Dr. Posner's alleged negligence, Appellants presented substantial evidence on Dr. Posner's alleged negligence and substandard care.

Following the close of all evidence, the court held an off-the-record jury instruction conference. Due to the lack of a complete record, it is unclear exactly what transpired during this conference. Plaintiffs assert the parties and the trial judge attempted to draft apportionment instructions to fit the facts and circumstances of the case, because none were found in the Missouri Approved Instructions (MAI) or not-in-MAI. Plaintiffs allege the trial judge acknowledged the application of Section 538.230 apportionment and agreed with the applicability, need, and necessity of fault apportionment instructions after

---

**2.** All statutory references are to Missouri Revised Statutes (2000) unless otherwise noted. Section 537.060 states:

Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract. When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide; however such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater. The agreement shall discharge the tort-feasor to whom it is given from all liability for contribution or non-contractual indemnity to any other tort-feasor.

Appellants presented evidence of Dr. Posner's alleged negligence. Prior to trial, Plaintiffs' counsel had prepared instructions to offer to the court which included no apportionment language. After Appellants introduced evidence of Dr. Posner's negligence at trial, Plaintiffs' counsel, in handwriting, revised their instructions to address the issue of apportionment between Appellants and Dr. Posner, a previously settled party. At the end of the off-the-record instruction conference, the trial court denied the apportionment instructions offered by Plaintiffs and gave the jury the non-apportionment instructions Plaintiffs' counsel had prepared prior to the beginning of trial. The instructions given by the trial court to the jury were drafted by Plaintiffs' counsel before the trial court granted Appellant's request to file amended answers, and at a time when the pleadings raised no affirmative defense of set-off. Plaintiffs allege they requested more time to draft appropriate apportionment instructions during the instruction conference, but no request for leave to revise or correct the instructions is found on the record. Once back on the record, the following exchange took place:

THE COURT: On the record, then. I have been tendered by plaintiffs and have either given or intend to give instructions number one through twelve inclusive. Any objection, [Appellants' counsel]?

[Appellants' counsel then objected to instructions three, four, seven, eight, nine, ten, eleven, twelve, and the verdict form.]

THE COURT: All right. Those objections are also overruled.

[Plaintiffs' counsel]: Judge, the record I wanted to make is that we're submitting these instructions in lieu of instructions that would have found apportionment between the parties.

THE COURT: Do you want to mark any of those apportionment instructions that you had?

[Plaintiffs' counsel]: Second thought, Judge, I'm going to withdraw.

THE COURT: Okay.

[Plaintiffs' counsel]: Judge, on second thought I guess I renew my objection.

THE COURT: Well, we don't need to mark them exhibits. I'll just mark them as A, B, C, D.

. . . .

THE COURT: All right. I have been tendered and have refused instructions numbered A, B, C, D, E, and what I'll call Verdict F by plaintiff. Those basically posit apportionment of fault which would require the jury to apportion fault to include Dr. David Posner as well as the defendants in this case. [Plaintiffs' counsel], any argument on those matters?

[Plaintiffs' counsel]: Uhm, that over objection of plaintiff during the end of the trial that evidence and standard of care evidence was allowed in for defendant's use raising negligence of parties that had previously been dismissed during the case and from experts of whom were never endorsed as expert witnesses for the defendant, St. Andrew's and New Florence. That raised issues with respect to apportioning fault of now settled parties and plaintiffs requested and were denied to be able to apportion and raise Dr. David Posner in the instructions if—Now if the defendants who are in the case are arguing raising and letting the jury know that another party was at fault that originally was in the litigation.

[Appellants' counsel]: Judge, I would only note for the record that even if apportionment against Dr. Posner is proper the tendered instructions are not in proper form.

THE COURT: Well, I'm still not going to give the instructions, so you may appeal on that basis if you feel it's necessary.

Following the use of the non-apportionment instructions and verdict form, the jurors returned a verdict finding in favor of St. Andrews, but against New Florence, assessing Plaintiffs' total damages at $173,000.

On September 19, 2007, the trial court entered its judgment in favor of St. Andrews and Plaintiffs. The trial court entered judgment against New Florence in the amount of $28,000 after reducing the $173,000 jury verdict by the $145,000 settlement with Dr. Posner, pursuant to Section 537.060. The trial court rejected Appellants' set-off and reduction request of the $35,000 settlement from Audrain Medical Center because Appellants had not sought to assert any affirmative defense relating to that settlement even though Appellants had notice of that settlement approximately 16 months before trial.

On October 29, 2007, the court heard the parties' respective motions, including motions to amend the judgment filed by both parties and a motion for a new trial filed by Plaintiffs. The trial court granted Plaintiffs' motion for a new trial "on the grounds that the court erred in not allowing the jury to apportion fault among the remaining defendants and the dismissed party, Dr. Posner." Appellants, defendants New Florence and St. Andrews, appeal.

### Points on Appeal

Appellants raise four points on appeal. In their first point, Appellants claim the trial court erred in granting Plaintiffs a new trial because Plaintiffs never proffered proper jury instructions that would have allowed the jury to apportion fault. Appellants allege that the instructions proffered by Plaintiffs were illegible, confusing, and incomplete and did not contain a damage instruction.

Appellants argue in their second point that the trial court erred in granting a new trial because Plaintiffs did not properly plead the Section 538.230 apportionment requirements.

In their third point, Appellants allege the trial court erred in failing to enter judgment in their favor, or in the alternative, judgment in favor of Plaintiffs in the amount of zero dollars, because Plaintiffs' damages were fully paid and satisfied. Appellants contend the amount of the verdict was less than the amount Plaintiffs have received from previously dismissed and released defendants.

In their fourth and final point, Appellants claim the trial court erred in granting a new trial against St. Andrews because the jury found in favor of St. Andrews, and Plaintiffs suffered no prejudice due to the lack of apportionment instruction.

### Standard of Review

When a trial court grants a motion for a new trial, "we must allow every reasonable inference that favors the trial court's ruling, and we may not reverse unless there has been a clear abuse of discretion." *Lowdermilk v. Vescovo Bldg. and Realty Co., Inc.,* 91 S.W.3d 617, 625 (Mo.App. E.D.2002). An "abuse of discretion" occurs when the "trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.; Guzman v. Hanson,* 988 S.W.2d 550, 554 (Mo.App. E.D.1999). When reasonable people can disagree about the propriety of the action taken by the trial court, then the trial

court did not abuse its discretion. *Lowdermilk*, 91 S.W.3d at 625. Even where a new trial has been granted, the error complained of still must be prejudicial to the party seeking the new trial. *Id.*

■ Reviewing a grant of a motion for new trial differs from a review of a denial of a motion for new trial. *Id.* Appellate courts are more liberal in upholding the grant of a new trial than the denial of a new trial. *Id.*

■ When reviewing an award of a new trial due to an erroneous instruction, we determine if the instruction was erroneous as a matter of law upon the record presented, not as a matter within the discretion of the trial court. *Id.* at 625–26; *Egenreither v. Carter*, 23 S.W.3d 641, 645 (Mo.App. E.D.2000). If the instruction is found erroneous, we then defer to the discretion of the trial court, absent a showing of an abuse of discretion, because the trial court has the best opportunity to determine the effect of any error. *Id.* at 626.

### Discussion

■ When reviewing the grant of a new trial based on instructional error, we must first determine whether there was any error in the instruction before considering whether the trial court abused its discretion. *Id.* In this case, a new trial was granted because the trial court determined that it "erred in not allowing the jury to apportion fault among the remaining defendants and the dismissed party Dr. Posner" pursuant to Section 538.230. Appel-

lants' first two points on appeal allege the trial court's rejection of the apportionment instructions was not error, and that the court properly gave the non-apportionment instructions to the jury. We disagree. Not only were the non-apportionment instructions given to the jury erroneous as a matter of law, but we find that the instructions caused prejudice to Plaintiffs. The trial court did not abuse its discretion when it reconsidered its prior decision, and granted Plaintiffs a new trial on those grounds.

### Point I—Apportionment Instructions

In their first point on appeal, Appellants allege the trial court erred in granting a new trial because Plaintiffs did not proffer the court proper jury instructions allowing the jury to apportion fault. Appellants do not suggest that apportionment would have been improper in this case, or that the apportionment provisions of Section 538.230 do not apply to the facts of this case. Appellants do not allege that there was insufficient evidence to support a verdict director allowing the jury to assess fault to Dr. Posner. In fact, Appellants present in their brief an apportionment instruction, which they feel would have been appropriate had it been available and offered by Plaintiffs. Appellants argue only that the jury should not have been allowed to apportion fault between them and Dr. Posner because Plaintiffs never proffered proper apportionment instructions to the trial court.[3]

---

**3.** Appellants also argue the instructions were not "proper" because they were handwritten, illegible, and "in the nature of jigsaw puzzles." We find this argument wholly without merit, if not disingenuous. Appellants state "a trial court cannot be expected to hand such documents to the jury," and cite *Schipper v. Brashear Truck Co.*, 132 S.W.2d 993 (Mo.1939), a 1939 case holding that it was error to give instructions that were partially scratched out and written illegibly by hand. Clearly, the current case is not analogous to one in 1939, as in modern times both litigants and the court benefit from the advancements of technology. Appellants are unreasonable to suggest the draft instructions were "improper" due to messy penmanship or that Plaintiffs planned to offer them to the jury without making use of technology available to quickly and efficiently transform those hand-

Section 538.230[4] states, in relevant part:

1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services where fault is apportioned among the parties and persons released pursuant to [Section 538.230.3], *the court, unless otherwise agreed by all the parties, shall instruct the jury to apportion fault among such persons and parties* ...

3. Any release, covenant not to sue, or similar agreement entered into by a claimant and a person or entity against which a claim is asserted arising out of the alleged transaction which is the basis for plaintiff's cause of action, whether actually made a party to the action or not, discharges that person or entity from all liability for contribution or indemnity but it does not discharge other persons or entities liable upon such claim unless it so provides. However, the claim of the releasing person against other persons or entities is reduced by the amount of the released persons' or entities' equitable share of the total obligation imposed by the court pursuant to a full apportionment of fault under this section as though there had been no release.

(emphasis added).

■ The legislative intent of Sections 537.060 and 538.230.3 is "to encourage settlements between tort-feasors and injured claimants—with the incentive being a settling tort-feasor can put the incident to rest and will not be subject to a later action for contribution." *State ex rel. Cu-rators of the Univ. of Mo. v. Moorhouse*, 181 S.W.3d 621, 624 (Mo.App. W.D.2006). These sections also restate the common law, "which allowed a defendant to settle with the plaintiff prior to judgment for whatever the parties agreed to and the defendant was absolved of all claims for damages and contribution." *Id.* While allocation of fault to non-parties normally is not permitted, Section 538.230 expressly allows allocation of fault to those persons already released from liability by virtue of settlement. *Adams v. Children's Mercy Hosp.*, 848 S.W.2d 535, 539 (Mo.App. W.D. 1993).

Section 538.230 speaks of apportionment instructions in mandatory terms, indicating specifically that the court "unless otherwise agreed by all the parties, *shall instruct the jury to apportion fault.*" (emphasis added). The tenets of statutory interpretation dictate that a court, when construing a statute, must attempt to determine the intent of the legislature from the words used and, if possible, give effect to that intent. *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338, 340 (Mo. banc 1991). The words used should be considered in their "ordinary and usual" meaning. *Id.* When the language of the statute is unambiguous, there is no need to resort to rules of construction. *Id.*

■ We do not find any ambiguity in the language of Section 538.230. There is no uncertainty as to when the apportionment instructions should be given to the jury. The legislature plainly and simply stated that the court shall instruct the jury to apportion fault "unless otherwise agreed by all the parties." Appellants do not

written amendments into "clean," typed, instructions for the jury.

**4.** Section 538.230 was repealed by H.B. 393, 93d Gen. Assem., 1st Reg. Sess. (Mo.2005), but did not take effect until August 28, 2005.

As the effective date was after this action was filed, Section 538.230 is still applicable to this action. *See State ex rel. Curators of the Univ. of Mo. v. Moorhouse*, 181 S.W.3d 621, 623–24 n. 2 (Mo.App. W.D.2006).

contend that the parties agreed that the apportionment instructions would not be given, or that defendants were not "health care providers" under the statute.[5] Because the record shows that the requirements of Section 538.230 were met, it was not only proper but mandatory for the court to instruct the jury to apportion fault between Appellants and Dr. Posner.

While the record is lacking with regard to the entire discussion and deliberations between the parties and the court during the instruction conference, the record sufficiently demonstrates that the trial court abandoned its efforts to allow Plaintiffs an opportunity to draft and submit apportionment instructions that would meet the requirements of Section 538.230. Instead, the trial court submitted to the jury the non-apportionment instructions drafted by Plaintiffs prior to the start of the trial. The record reflects that the apportionment instructions prepared by Plaintiffs were denied by the trial court over Plaintiffs' express objections, and thereafter the non-apportionment instructions were given to the jury. In denying the apportionment instructions, the trial court stated: "I have been tendered and have refused instructions numbered A, B, C, D, E, and what I'll call Verdict F by plaintiff. Those basically posit apportionment of fault which would require the jury to apportion fault to include Dr. David Posner as well as the defendants in this case." This ruling was in error.

The non-apportionment instructions given to the jury were erroneous as a matter of law, as said instructions did not conform to the requirements and mandate of Section 538.230 regarding apportionment of fault.

## Point II—Failure to Plead 538.230

■ Appellants' second point on appeal asserts that the trial court erred in granting Plaintiffs a new trial because Plaintiffs did not properly raise or plead Section 538.230 apportionment. We disagree.

Appellants contend Plaintiffs are not entitled to jury consideration of the issue of apportionment because Plaintiffs failed to submit any pleading indicating Plaintiffs' intent to rely upon the apportionment provisions of Section 538.230. Appellants argue that Plaintiffs' right to have the jury instructed on the issue of apportionment is wholly dependent upon Plaintiffs' pleadings, even when the issue of apportionment arises statutorily under Section 538.230. We acknowledge that the case law regarding the applicability of general pleading requirements to the apportionment requirements of Section 538.230 is sparse and less than clear. However, we cannot lightly overlook the mandatory language of Section 538.230 that requires apportionment of fault "unless otherwise agreed by all the parties."

Although the pleading requirements of Section 538.230 have been addressed briefly in two cases, *Adams v. Children's Mercy Hosp.*, 848 S.W.2d at 539, and *Norman v. Wright*, 100 S.W.3d 783 (Mo. banc 2005) (*Norman I*), neither of these cases provide any guidance where a *plaintiff* seeks apportionment under Section 538.230. In *Adams*, a defendant sought to amend its answer in order to invoke the rights of apportionment granted under Section 538.230. The Western District stated that comparative fault was an affirmative defense that must be pleaded, and allowed the amendment to plead such defense where plaintiffs had adequate notice of the defendant's claims. In *Norman I*, the Missouri Supreme Court reviewed a

**5.** Section 538.230, unlike Section 537.060, applies only in "actions against a health care provider." Appellants admit they are "health care providers" under the statute.

wrongful death case involving issues of apportionment under Section 538.230 and issues of claim reduction under Section 537.060. While the *Norman I* Court held that a reduction under Section 537.060 must be pleaded and proved as an affirmative defense, the Court did not address the pleading requirements of Section 538.230 because the right to jury apportionment was waived by agreement of all the parties and was not an issue in the case. *Id.* at 784.[6] Neither case addresses the unique procedural posture presented here in which Plaintiffs assert their right to apportionment under Section 538.230 after Defendants introduced the evidence upon which the claim for apportionment is premised.

Even if we were to assume Section 538.230 contains a pleading requirement, it is not clear what that requirement would entail in this particular case. Here we have the unique posture that Plaintiffs, not Defendants or Appellants, requested the trial court to instruct the jury on apportionment. Appellants argue that apportionment is an affirmative defense under *Adams* and *Norman II,* which Plaintiffs failed to plead, yet fail to cite any cases imposing such a pleading requirement on Plaintiffs. It is difficult to reconcile Appellants' arguments when affirmative defenses are raised by defendants, not plaintiffs.

▆▆▆ Moreover, Section 538.230 does not limit the rights granted thereunder

only to defendants in a cause of action.[7] While the affirmative defenses mentioned in *Adams* and *Norman II* are procedurally raised by defendants, we have found no cases addressing the procedural quagmire in which we find ourselves. Plaintiffs here introduced no evidence upon which they could seek apportionment. Only after Appellants introduced evidence relating to Dr. Posner in their case was the issue of apportionment introduced into the trial. Mindful of the underlying purpose for which pleading requirements are imposed on litigants, we are able to extract the parties from this legal quagmire.

While we find no specific pleading requirements imposed on Plaintiffs in this case by the plain language of Section 538.230, the record presents sufficient evidence for us to conclude that even the pleading requirement suggested by Appellants is satisfied by the doctrine of implied consent. Rule 55.33(b)[8] states:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

6. The Missouri Supreme Court revisited the claim reduction issues of the parties under Section 537.060 again in *Norman v. Wright,* 153 S.W.3d 305 (Mo. Banc 2005) (*Norman II*). Although not an issue in that case, the Court in dicta suggested that a defendant seeking apportionment under Section 538.230 must plead apportionment as an affirmative defense. *Id.* at 306.

7. We reject Appellants' oral arguments that the right to apportionment under Section

538.230 is reserved only for defendants to assert at the time of their choosing. The plain language of the statute does not limit the right to apportionment to defendants as suggested by Appellants, who cite no cases in support of their position.

8. All Rule citations are to Missouri Rules of Civil Procedure (2008) unless otherwise noted.

*See also Schimmel Fur Co. v. Am. Indem. Co.,* 440 S.W.2d 932, 939 (Mo.1969).

For issues tried by implied consent, Rule 55.33(b) "gives direction to the trial court both in situations where no objection is made to evidence of unpleaded facts or claims and in situations where objection is made." *Rombach v. Rombach,* 867 S.W.2d 500, 503 (Mo. banc 1993). Where, as here, there was no objection to the proffered evidence relating to unpled matters, "the trial court's discretion is limited to the determination of 'whether the issue was tried by "implied consent" of the parties. If so, the pleadings "shall" be treated as if the issue had been properly raised.'" *Heritage Roofing, LLC v. Fischer,* 164 S.W.3d 128, 132 (Mo.App. E.D. 2005). The Supreme Court has found that it "is well settled that evidence will give rise to an amendment of pleadings by implied consent only when it bears solely on the proposed new issue and is not relevant to some other issue already in the case." *Lester v. Sayles,* 850 S.W.2d 858, 869 (Mo. banc 1993). "A party is entitled to have an instruction on an issue which has been tried voluntarily as by implied consent of the parties." *Holtmeier v. Dayani,* 862 S.W.2d 391, 400 (Mo.App. E.D.1993). We have such a situation here. The evidence presented of Dr. Posner's negligence and substandard care exceeded that necessary to prove Appellant's entitlement to set-off, and was not relevant to any other issue already pled and at issue. Such evidence was relevant only for the purpose of apportioning some degree of fault to Dr. Posner. The record before us shows that the issue of Dr. Posner's negligence was tried without objection to the jury, and as such, was tried with the implied consent of the parties. Accordingly, the issue of Dr. Posner's negligence, in all respects, shall be treated as if it had been raised in the pleadings. The failure of the trial court to amend the pleadings does not affect the trial of the issue. Rule 55.33(b). *See also Metro Waste Sys., Inc. v. A.L.D. Servs., Inc.,* 924 S.W.2d 335, 339 (Mo.App. E.D. 1996) (holding the case was properly submitted on the theory of apparent authority, even when only actual authority was pled, because evidence was submitted at trial, which was not objected to, only relevant to the issue of apparent authority and thus the petition was amended by implied consent).

Furthermore, Appellants can hardly claim surprise or prejudice from an amendment of the pleadings by implied consent or the decision to give the jury apportionment instructions because it was Appellants who injected the issue of Dr. Posner's negligence into the trial by presenting evidence of the doctor's negligence and fault. As Appellants correctly note, the purpose of requiring affirmative defenses to be pled is to give notice to opposing parties of the issues. *Schimmel,* 440 S.W.2d at 939; *see also Norman I,* 100 S.W.3d at 786 ("Pleadings present, define, and isolate the issues, so that the trial court and all parties have notice of the issues."). The evidence of Dr. Posner's negligence, presented by Appellants, was sufficient to allow the jury to apportion fault between them and Dr. Posner. Appellants cannot complain they lacked notice or were prejudiced when it was their evidence that presented the issue to the jury. Moreover, when issues not raised by the parties are tried by express or implied consent of the parties, such issues shall be treated in all respects as if they have been raised in the pleadings. *Norman I,* 100 S.W.3d at 785.

Section 538.230 apportionment is mandatory. While Section 538.230 does not address the issue of pleading apportionment under its provisions, the lack of any direction as to the pleading requirements

has no impact on this case because the facts clearly show that the issue of Dr. Posner's negligence was tried with the implied consent of the parties. Plaintiffs were entitled to rely upon the provisions of Section 538.230, and request the trial court to instruct the jury on apportionment under Section 538.230 despite the lack of any pleading raising apportionment under that statute. Since the parties did not agree otherwise, the trial court and we are bound by the language of the statute and its mandatory terms indicating apportionment instructions must be given. Failure to do so was error.

### Points I and II—Prejudice

While we find the trial court erred in giving the non-apportionment instructions, we must also consider if such error was prejudicial before we may uphold the granting of a new trial on instructional grounds. The lack of apportionment instructions here was prejudicial to Plaintiffs. The jury awarded Plaintiffs damages of $173,000 against defendant New Florence; however under the current judgment, Plaintiffs would receive only $28,000 from New Florence of that jury verdict. Using proper jury apportionment instructions, if the jury found Dr. Posner anywhere from zero percent to 83.8 percent at fault, Plaintiffs would have netted a greater monetary recovery than under the current judgment. For instance, had Dr. Posner been deemed 20 percent at fault, Plaintiffs would have received a judgment from New Florence of $138,400 instead of $28,000 under the current judgment. Thus, the trial court's failure to properly instruct the jury on apportionment is clearly prejudicial to Plaintiffs.

The evidence supports the trial court's finding that the non-apportionment jury instructions were erroneous. We find the error was prejudicial to Plaintiffs. We defer to the discretion of the trial court in granting Plaintiffs' motion for a new trial, and find no clear abuse of discretion in that decision. Points I and II of Appellants' appeal are denied.

### Point III—Nature of Judgment

Appellants' third point on appeal addresses the manner in which the judgment was entered. Because we find the granting of a new trial proper, Appellants' third point is rendered moot.

### Point IV—New Trial as to St. Andrews

Appellants allege in their final point that the trial court erred in granting Plaintiffs a new trial as to St. Andrews because the jury exonerated St. Andrews on the issue of fault. We agree.

Although the trial court erred when it failed to instruct the jury on apportionment under Section 538.230, and caused sufficient prejudice to Plaintiffs to uphold the granting of a new trial on Appellants' first two points on appeal, we find that the prejudicial element is lacking on Appellants' final point on appeal. Absent a finding of liability against St. Andrews, the jury would not have an opportunity to consider the apportionment of fault between St. Andrews and the settling defendants, even if the jury had been properly instructed on the apportionment issue. Thus, the granting of a new trial as for St. Andrews was improper.

Our analysis of this point benefits from both prior opinions of this Court and the Missouri Supreme Court in which a defendant's verdict was returned after the trial court erroneously instructed the jury on comparative fault. In 1986, the Missouri Supreme Court heard the cases of *Barnes v. Tools & Machinery Builders, Inc.*, 715 S.W.2d 518 (Mo. banc 1986) and *Lee v. Mirbaha*, 722 S.W.2d 80 (Mo. banc 1986). Both cases involved situations where erroneous comparative fault instructions were given to the jury, which ultimately ren-

dered a verdict in favor of the defendants. *Id.* In *Lee,* the Court reasoned that because the jury found the defendants not at fault, the jury was never required to reach the question of apportionment of fault. 722 S.W.2d at 84. Because the jury returned a general verdict for the defendants under the verdict directing instructions, the jury's verdict was not dependent on the erroneous comparative fault instructions. *Id.*

In *Barnes,* the Supreme Court again found reversal was not required even though the jury was erroneously instructed on comparative fault because the jury returned a general verdict for the defendant under a proper verdict director, and the jury verdict was not dependent upon the erroneous comparative fault instruction. 715 S.W.2d at 521. The *Barnes* Court reasoned:

> The plaintiff's problem is that Instruction No. 6 is a full and complete verdict director which commands the jury to return a verdict for the plaintiff if it finds the four facts there hypothesized. It contains no "tail" referring to erroneous Instruction No. 8. The jury returned an unequivocal verdict for the defendant, actually writing in the defendant's name as prevailing party. We must assume that it followed its instructions and would have assessed a percentage of fault against the *defendant if it had found that the four hypotheses were established. The jury must necessarily have concluded that the plaintiff did not establish at least one of these four propositions by proof meeting the required standard.*

*Id.* (emphasis added).

This Court has also reviewed similar issues, first in *Green v. United Express,* 969 S.W.2d 825 (Mo.App. E.D.1998), and more recent in *Powderly v. South County Anesthesia Assoc.,* 245 S.W.3d 267 (Mo. App. E.D.2008). Both of these cases, following the Missouri Supreme Court decisions in *Lee* and *Barnes,*[9] held that the absence of any assessment of fault to the defendants negated any claim of prejudice to the plaintiffs in giving the erroneous comparative fault instruction. *Powderly,* 245 S.W.3d at 279; *Green,* 969 S.W.2d at 826. The *Green* court explained that a "jury verdict which assesses no fault to the defendant negates any claim of prejudice to the plaintiff in the giving of an erroneous comparative fault instruction." 969 S.W.2d at 827.

The situation before us is nearly identical. The record shows that the jury received Instruction No. 7, directing the jurors to find for Plaintiffs if four elements were met. Jury Instruction No. 7 read:

> Your verdict must be for Plaintiffs [and] against Defendant St. Andrew's Management Services, Inc., if you believe:
>
> First, Plaintiffs Rosetta A. Thurman and Helen M. Berry are the daughters of Zenia L. Bishop, and
>
> Second, Defendants St. Andrews Management Services, Inc. in supervising and managing the agents and employees of Defendant New Florence Nursing Home, Inc., either:
> - failed to adequately train the staff to protect Zenia Bishop from falls, or
> - failed to ensure there were sufficient staff to adequately care for Zenia Bishop, or
> - failed to ensure that neurological checks were performed on Zenia Bishop after she sustained head injury, or
> - failed to ensure that Zenia Bishop was being adequately monitored and that

---

9. *Powderly* and *Green* also analyzed *Wilson v. Shanks,* 785 S.W.2d 282, 285 (Mo. banc 1990), where the Missouri Supreme Court held that absent some "assessment of fault to defendant, there was no prejudice in giving the contributory fault instruction."

her condition was reported to her physician, and

Third, Defendant St. Andrew's Management Services, Inc., in any one or more of the respects submitted in paragraph Second, was thereby negligent and

Fourth, such negligence directly caused or directly contributed to cause the death of Zenia Bishop.

As in *Lee, Barnes, Green,* and *Powderly,* we must assume the jury followed the instructions given by the trial court. The record contains no facts that would cause us to conclude otherwise. While the trial court clearly erred in failing to instruct the jury on apportionment, said error does not negate the fundamental principle that the defendant first must be found to be at fault before apportionment can be considered. Without the underlying fault of St. Andrews, there is nothing to apportion. Here, the jury did not find any fault on the part St. Andrews, and instead found in St. Andrews' favor under the verdict director. Accordingly there is no fault on the part of St. Andrews to apportion.

▉ We acknowledge the realistic distinction between cases like *Powderly,* where a jury has been instructed erroneously on issues of apportionment of fault, but is nevertheless instructed to consider apportionment of fault, and a case, as here, where the jury is not instructed in any manner that it may consider apportionment of fault. It is possible, as a practical matter, that jurors may approach their deliberation of a party's fault differently knowing they have the ability to assess fault between different persons by means of an apportionment instruction, as opposed to being instructed simply to find in favor of the plaintiff or defendant. Despite this practical consideration, we cannot ignore the relevant legal analysis, which is the same in both scenarios. A jury cannot legally consider the apportionment of fault of a defendant unless the plaintiff has first proven the requisite elements to find said defendant at fault. A jury that does otherwise ignores the clear instructions of law, which the jurors are sworn to follow.

Here, Plaintiffs do not allege the elements of negligence set forth in Instruction No. 7 were incorrect or inaccurately state the law. Plaintiffs complain only that the jury should also have been instructed on the apportionment of fault under Section 538.320. However, when the jury reviewed the elements necessary to establish St. Andrews' negligence under the verdict director, we are required to assume that the jury analyzed each element of negligence set forth in the verdict director, and found at least one element lacking when it rendered its verdict in favor of St. Andrews and against Plaintiffs. Nothing in the record before us indicates otherwise. Where the jury found St. Andrews not at fault, there is simply no fault to apportion under Section 538.320.

While the trial court erred in failing to instruct the jury on apportionment of fault, Plaintiffs suffered no prejudice from this error with regard to defendant St. Andrews. Accordingly, the trial court erred in granting Plaintiffs a new trial against St. Andrews. Point IV is granted.

### Conclusion

Finding no error, we affirm the judgment of the trial court granting Plaintiffs a new trial against New Florence. However, the trial court erred in granting Plaintiffs a new trial against St. Andrews, and that judgment is reversed.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.